193 A.2d 81 (1963)
Sidney KAUFMANN, Plaintiff-Below, Appellant,
v.
Shirley Anne McKEOWN, Administratrix of the Estate of Josephine Facer, Defendant-Below, Appellee.
Supreme Court of Delaware.
July 16, 1963.
C. W. Berl, Jr., of Berl, Potter & Anderson, Wilmington, for appellant.
*82 Joseph H. Flanzer and Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for appellee.
TERRY, C. J., and WOLCOTT and CAREY, JJ., sitting.
TERRY, Chief Justice.
This is a tort action involving the applicability of the so-called "Dead Man's Act," 10 Del.C., Sec. 4302.
On October 26, 1961, plaintiff was a passenger in an automobile owned and operated by the now deceased defendant. He was riding in the left rear seat. There were two other passengers, one on the right front seat and another on the right rear seat. An accident occurred when defendant failed to negotiate a curve on the Governor Printz Boulevard north of Wilmington.
In September, 1962, the defendant died, but her death was not connected with the accident.
At trial, the court barred any testimony by plaintiff except that which related to his injuries and treatment therefor. The two passengers testified, but gave conflicting accounts of the accident. Other witnesses, including the investigating officer and another whose car was passed by defendant's immediately before the accident, also testified. The jury returned a verdict for defendant.
Prior to trial, the lower court barred any testimony by the plaintiff regarding the facts of the accident. In reaching his conclusion, the learned trial judge stated:
"The ruling of the court is, I sustain the objection based on the statute (1) to any statement by the deceased to the plaintiff, and (2) refuse to receive any testimony, even as to the physical facts offered by the plaintiff concerning what took place in the automobile."
Plaintiff appeals from this pre-trial ruling which barred his testimony concerning the facts of the accident.
The issues therefore to be decided are:
1. Is an automobile accident a transaction within the meaning of the "Dead Man's Statute"?
2. Is defendant-administratrix a party within the meaning of the "Dead Man's Statute"?
3. What testimony of the plaintiff should be excluded?
The pertinent provisions of the "Dead Man's Act" are as follows:
"* * * In actions or proceedings by or against * * * administrators * * * in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the * * * intestate * * * unless called to testify * * * by the opposite party." 10 Del.C., Sec. 4302.
The question basically presented is the meaning to be attached to the word "transaction" as it appears in the above-cited "Dead Man's Act."
The Superior Court of this State has ruled as follows:
"* * * [T]he word `transaction' as employed connotes an occurrence or action of which both the deceased and the other party had knowledge and to which the deceased, if living, would equally qualify to testify with the other party." Stoeakels v. Peoples National Bank, 6 Terry 478, 75 A.2d 433 (1950).
See also Krause v. Emmons, 6 Boyce 104, 97 A. 238 (1916), and In re Mueller's Estate, 166 Neb. 376, 89 N.W.2d 137 (1958).
Notwithstanding any factual differences between the issues at bar and the above-cited *83 cases, we consider that the definition of the word "transaction," as it appears in those cases, is controlling. We do not differentiate between matters ex contractu or ex delicto. The word "transaction" applies to both, and we so hold.
Turning to the issue of whether the defendant-administratrix is a "party" within the meaning of the "Dead Man's Statute," we find no merit to plaintiff's contention that the absence of assets within the defendant-decedent's estate excludes the administratrix thereof as a party to the action.
The record shows that the administratrix is employed as a secretary to the plaintiff's counsel. We recognize that this is a perfectly legitimate means of getting plaintiff into court. Prior to suit, there had been no administratrix, and there evidently was not going to be one. The action would have failed if plaintiff had not brought it against the legal representative of the estate. Plaintiff cannot complain that the defendant-administratrix is not a party within the "Dead Man's Statute," when his action could never have succeeded if such a legal representative did not exist.
Plaintiff has argued that an insurance policy providing liability coverage was in effect at the time of the accident. While the issue of liability insurance is never a proper subject for the jury in this State, we find no harm in discussing its existence on appeal. In this respect, it is a very definite asset to any estate, although that estate may by other standards be insolvent or devoid of either assets or liabilities. A liability insurer may well be the real party in interest, but this is not a State where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tort feasor or, in the event of her demise, her estate. That estate must have a legal representative. If it so happens that the representative holds her position solely to serve the ends of a plaintiff in a tort action, that plaintiff must expect such legal representative to be viewed in the same light as any other. Irrespective of the fact that the defendant-administratrix acts in that position solely to effect jurisdiction by plaintiff over the ultimate sources from which a recovery may be obtained, she is certainly, in our opinion, a party to this action in all respects, and as such comes within the purview of the "Dead Man's Act." (97 C.J.S. Witnesses § 137, p. 575).
The last issue for our determination is the extent to which plaintiff will be permitted to testify concerning the accident and the events which preceded it. We consider that the trial court has some latitude in establishing such boundaries. Zeigler v. Moore, 75 Nev. 91, 335 P.2d 425 (1959).
While each case must be judged on its own merits, we conclude that the trial court did not abuse its discretion in defining the areas to which plaintiff may testify at trial.
For the reasons assigned, the decision of the trial court is therefore affirmed.