**STATE HIGHWAY DEPARTMENT of the State of Delaware, et al., Defendant Below, Appellant,**

v.

**Beverly BUZZUTO, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

March 5, 1970.

---

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for appellant.

F. Alton Tybout, of Tybout & Redfearn, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from an adverse judgment of $100,000 against the State Highway Department for the wrongful death of Leonard Buzzuto killed while driving an Air Force ambulance which was involved in a collision with a State Highway sanding truck. Numerous points are raised in the appeal which will be considered *seriatim.*

There is evidence in the record which, if accepted, would support the following factual version. On February 9, 1967 a sergeant stationed at the Dover Air Force Base received a severe head injury in the performance of his duties. It was decided to send him to the Philadelphia Naval Hospital for treatment. He was transferred to an ambulance driven by Buzzuto. The patient was accompanied by an Air Force doctor to keep a check on the patient's condition. Instructions were given to take the patient to a Wilmington hospital if his condition worsened during the trip, and that he was to be taken to preferably the Philadelphia Naval Hospital as quickly as possible.

The ambulance left the Dover Air Force Base and proceeded north on the divided DuPont Highway. The dome signal light on the ambulance was lighted and operating, but the siren was inoperative. The ambulance proceeded, increasing and decreasing speed as the circumstances required. It seems apparent that on occasion the speed limits were exceeded by substantial margins.

On the day in question there were scattered conditions of ice on parts of the highway, and the Highway Department had dispatched dump trucks to sand existing ice. One of these trucks, with its dump section partially raised, was moving at 10 or 15 miles an hour northward along the right shoulder of the northbound lanes. The driver planned to turn to his left across the two northbound lanes, enter a crossover to the southbound lanes and sand an area to the west of the DuPont Highway.

The ambulance approached the truck and was approaching the crossover. The truck, without giving any warning signals of an intention to make a left-hand turn, turned left from the shoulder almost directly across in front of the ambulance. Buzzuto attempted to avoid the truck but the left front of the ambulance struck the rear of the truck and Buzzuto was killed.

At the scene of the accident the road was free of ice and snow, and the ambu-

lance was in the left-hand lane and had been visible for approximately one-quarter of a mile. When necessary, other facts will be stated in our discussion of the various points raised by the appeal. We turn now to the consideration of the several points made by the Highway Department.

I.

*The Trial Court Erred In Allowing a Witness Over Objection to Testify as to a Hearsay Conversation With the Decedent.*

■ The particular testimony objected to was given by the Air Force doctor who dispatched the ambulance to Philadelphia. Specifically, he testified that he told the decedent to get the patient to Philadelphia as quickly as possible, and to turn into Wilmington if he should deteriorate suddenly. The objection is that the testimony was hearsay and was a violation of the so-called Dead Man's Statute, 10 Del.C. § 4302.

It is obvious, we think, that the testimony in question was not hearsay. The doctor did not testify as to anything told him by anyone. He testified as to the instructions he gave the ambulance crew and to nothing more.

Nor, we think, was the testimony a violation of 10 Del.C., § 4302. This statute prohibits in actions by or against personal representatives any party testifying against the other as to any transaction with or statement by the decedent. The short answer to the argument is that the doctor was not a party to the action. The statute does not prohibit such testimony from a witness not a party.

The Highway Department cited Kaufmann v. McKeown, Del., 193 A.2d 81, as authority for its position, but we think the case is of no help to it. In *Kaufmann*, a suit against a decedent's administratrix, the plaintiff suing the decedent's estate for personal injury received while a passenger in the decedent's car, was prohibited from

testifying as to the facts of the accident. However, the other passengers in the car were permitted to testify. The case is obviously not in point.

Furthermore, it is at least doubtful that 10 Del.C., § 4302 has application in the case at bar in any event since the plaintiff is suing under the Wrongful Death Statute, 10 Del.C., § 3704(b), as the widow of the decedent and not as his administratrix.

There was no error in the admission of the testimony of the Air Force doctor.

II.

*A New Trial Should Be Awarded Since the Lower Court Arbitrarily Ruled Out Testimony Which Was Admitted Without Objection.*

■ The point arose during the examination of the officer who investigated the accident. Counsel for the Highway Department attempted to qualify the officer as an expert so as to permit him to give an estimate of the speed of the ambulance at the time of the accident. Counsel for the plaintiff stated he would not object but would explore the matter on cross-examination. The officer then testified as to his estimate of the speed.

On cross-examination, however, it came out that the officer's estimate of speed was based solely on what an airman riding in the ambulance had told him. The airman, in fact, was in the courtroom and later testified in the case, a fact not evident at the time plaintiff's counsel waived objection. Plaintiff's counsel thereupon moved to strike the testimony on the ground that it was hearsay. The trial judge struck the testimony over the objection of defense counsel.

The argument is that, since plaintiff's counsel expressly did not object but reserved the right to cross-examine, he thereby waived the right to object and the trial judge was powerless to strike the tes-

timony, even though the testimony was clearly hearsay and thus inadmissible.

■ The State Highway's argument on this point misconceives the nature of the role of the trial judge. He is something more than a mere umpire between adversaries. His function is to insure that the rules of practice and evidence are applied to insure a fair trial, and this function is to be carried out with or without objection by counsel. South Atlantic S.S. Co. v. Munkacsy, 7 W.W.Harr. 580, 187 A. 600, cert. denied 299 U.S. 607, 57 S.Ct. 233, 81 L.Ed. 448.

There was no error in the striking of the portion of the officer's testimony.

### III.

*Error Was Committed When the Trial Judge Commented on the Evidence in Violation of Article IV, 19 of the Delaware Constitution.*

■ Article IV, § 19 of the Delaware Constitution prohibits a trial judge from commenting on the evidence. This prohibition applies equally to the judge's instructions to the jury and to comments made by the judge in the course of the trial. Seeney v. State (Del.Supr.) 211 A. 2d 908.

■ The plaintiff called an expert witness to testify as to the question of damages, i. e., the amount of verdict which would, if prudently invested, compensate a widow for the loss occasioned by the death of her husband. On cross-examination, the expert witness was asked whether or not the Federal Government was a large investor in mortgages. In a running colloquy between counsel and the court, comments were made concerning the safety of investments in mortgages, risk element in different types of mortgages and investment in bonds. The Highway Department argues that in the course of all this, the trial judge commented upon the evidence, presumably the soundness of certain types of investment.

We have read the colloquy and are frank to say that we cannot be sure whether the trial judge in fact commented upon the evidence or was merely trying to find out the purpose of the cross-examination. However, he, himself, seems to have thought that he possibly had made an improper comment for he instructed the jury to ignore his remarks.

In addition, the trial judge in his final instructions to the jury told it that it was the sole judge of the evidence, and that it was to ignore any comments by him or counsel in deciding what the facts were. Under the circumstances, therefore, if error was committed on this issue, i. e., damages, it was nonprejudicial standing alone. Seeney v. State, supra.

### IV.

*Error Was Committed In Refusing to Instruct the Jury That Any Verdict Returned for the Plaintiff Would Not Be Income Within the Meaning of the Federal Income Tax Law.*

■ This point of course relates to the issue of damages. The jury was given no instructions at all to the effect that verdicts of this nature are not liable for State or Federal income taxes, which of course they are not. No instruction was given even though a specific instruction to this effect was requested by the Highway Department.

We think the requested instruction should have been given. See Dempsey v. Thompson, 363 Mo. 339, 251 S.W.2d 42, and Poirier v. Shireman (Fla.App.), 129 So.2d 439. The trial judge, therefore, committed error in refusing it.

### V.

*Error Was Committed By the Failure of the Trial Judge to Tell the Jury That It Could Return a Verdict for the Defendant.*

■ The Highway Department's argument is that the concluding paragraph of

the instructions to the jury related to the "present value" of any award the jury might make to the plaintiff. The complaint is that the jury was sent out with the remarks of the judge "on damage injuries in their ears."

We think the argument is inconsequential. As a matter of fact, the judge's charge to the jury, when read in its entirety, makes it abundantly plain that no verdict could be returned for the plaintiff unless the jury found the plaintiff's decedent free of negligence, and also found the State Highway's employee to be guilty of negligence which caused the accident. This was made clear at numerous places in the charge and we cannot conceive that the jury was unaware of it.

There was no error.

## VI.

*Error Was Committed In Refusing to Give An Instruction On 21 Del.C., § 4134, And In the Instruction Actually Given On 21 Del.C., § 4106.*

▮ 21 Del.C., § 4134 places certain duties upon the driver of a vehicle upon the approach of an authorized emergency vehicle making use of visual and audible signals. It is undisputed that the ambulance in question was not using an audible signal for the reason that the siren was inoperable. This being so, 21 Del.C., § 4134 has no pertinency, and the requested instruction was properly refused.

▮ 21 Del.C., § 4106, as to which the trial judge actually instructed the jury, provides that an authorized emergency vehicle may, during an emergency, do certain things such as exceeding the speed limits, provided the vehicle is using a visual signal. The trial judge instructed the jury that the ambulance was in fact an emergency vehicle within the meaning of the statute, and that an emergency existed at the time of the accident.

The State Highway asserts this instruction to be error, but we think not. The ambulance clearly came within the definition of emergency vehicle, and there was clear evidence that an emergency existed, viz., a critically injured patient had to be taken to Philadelphia as soon as possible.

There was no error.

## VII.

*Error Was Committed In Instructing the Jury That a Widow Has a Moral Responsibility to Care For Her Minor Children.*

▮ By reason of 13 Del.C., § 702, the legal duty to support a minor child is placed upon the mother when the father is not living. The trial court instructed the jury that in reaching a verdict it may take into consideration the legal duty of the mother to take care of her six minor children "as well as any moral obligation" that exists. This instruction is urged by the State Highway as error.

We think the instruction was erroneous since the widow's moral obligation to care for her children is stated to be an additional matter to be taken into consideration in determining the amount of the verdict. Such is not the case; the widow's obligation is purely the legal obligation imposed by 13 Del.C., § 702. Nothing in Bennett v. Andree (Del.Supr.) 252 A.2d 100 suggests a different conclusion.

## VIII.

*Error Was Committed By Allowing the Deposition of a Witness To Be Read To the Jury In the Absence of Proof That the Witness Was Not Available In Delaware.*

▮ Civil Rule 26(d) (3) of the Superior Court permits, *inter alia*, the reading of the deposition of a witness if the Court finds that the witness is dead or is outside of the State of Delaware. The State

Highway argues it was error to read the deposition of the doctor riding in the ambulance because plaintiff offered no proof that he was not available in Delaware.

The deposition, itself, shows that the doctor, when it was taken, was residing in Brooklyn, New York, well outside the State of Delaware. Relying on this, the trial judge found the witness to be outside the state, and thus permitted the deposition to be read. We think, under the circumstances, it was perfectly proper to do so. Stewart v. Myers, 7 Cir., 353 F.2d 691.

### CONCLUSION

Of the eight arguments of error made by the Highway Department, we have found no error in Points I, II, V, VI and VIII. We have found error in Points III, IV and VII. All of these errors relate to the issue of damages. We will, therefore, reverse the judgment and remand the cause for a new trial on the issue of damages only.