# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN ABDUS SALAAM NADIR, )
)
      Plaintiff, )
)
      v. )      C.A. No. N21C-12-038 AML
)
NATIONWIDE AUTO INSURANCE, )
)
      Defendant. )

Submitted: April 19, 2022
Decided: May 24, 2022

## ORDER

## On Defendant's Motion to Dismiss: Granted

1.      On December 9, 2021, Kevin Abdus Salaam Nadir ("Plaintiff") filed a Complaint against Nationwide Auto Insurance ("Nationwide"). Plaintiff's complaint is a 36-page, free-wheeling discussion about a series of issues Plaintiff had with various individuals or organizations. The allegations against Nationwide relate to a motor vehicle accident that allegedly occurred on February 7, 2020. On that date, Plaintiff alleges he was walking on the sidewalk and was struck in the leg by a car that was leaving "Northeastern Body Shop".[1] Plaintiff avers he was treated at the hospital in connection with this accident and incurred damages associated with his injuries. Plaintiff further alleges Nationwide is Northeastern Body Shop's

---

[1] Complaint (D.I. 1) at 2-3 & Ex. p. 7.

insurer and that a Nationwide representative met with Plaintiff at his home on one occasion after the accident.[2] Plaintiff does not indicate what cause of action he seeks to maintain against Nationwide.

2.    The vast majority of Plaintiff's other allegations appear to be unrelated to the accident or Plaintiff's claim against Nationwide. Plaintiff details a series of events, including the theft of his debit card;[3] an incident in which a neighbor tampered with the wheel of his car;[4] poisoning or attempted murder perpetrated by a different set of neighbors;[5] surveillance conducted by a number of individuals;[6] and efforts by the police to hurt him, tamper with his utilities and phone, prevent him from receiving pain medication, and evict him from his apartment.[7] The only apparent link between these allegations and Plaintiff's claim against Nationwide is Plaintiff's allegation that the individuals conducting surveillance "had one or two people on me everywhere I went to try and have me put in jail, so I would not be able to put [a] claim in to Nationwide Insurance."[8]

3.    On February 15, 2022, Nationwide filed a Motion to Dismiss Plaintiff's Complaint or for A More Definitive Statement (the "Motion"). In the Motion,

---

[2] Compl. 4-5.
[3] *Id.* 7, 14-15.
[4] *Id.* 8, 15.
[5] *Id.* 8-11, 28, 31.
[6] *Id.* 12-14.
[7] *Id.* 22, 23, 28, 33, 35.
[8] *Id.* 20.

Nationwide argued Plaintiff failed to state a claim against it because an injured person has no direct cause of action against a tortfeasor's insurer based on the tortfeasor's negligence. In the event the Court does not dismiss the complaint, Nationwide moves under Rule 12(e) for a more definitive statement, arguing the complaint is "so disjointed and incoherent" that Nationwide cannot properly respond to it.[9]

4. On February 18, 2022, the Court issued an order requiring Plaintiff to respond to the Motion on or before March 22, 2022. On March 3, 2022, Plaintiff filed a 16-page document titled "All People Involved in the Conspiracy."[10] This document details a number of individuals who Plaintiff alleges were spying on and surveilling him. It also describes an alleged scheme among Plaintiff's neighbors to cause Plaintiff to make a claim to his automobile insurance for damage to his car.[11] Plaintiff's insurance company is not Nationwide and this March 3rd pleading contains no allegations relating to Nationwide.[12] On April 19, 2022, Plaintiff filed a letter or motion stating he would "like to amend the complaint to add problems I am having with the manager at the Middle-Boro Apartment Complex . . . and the people who stay in the apartment under mine." Attached to that letter is a 13-page

---

[9] Mot. to Dismiss ¶ 10.
[10] Response to Mot. to Dismiss (D.I. 10).
[11] *Id*. 8-9.
[12] *See id*. at 9 (identifying "Glacier Auto Insurance Co.").

document that contains a variety of allegations regarding events at Plaintiff's apartment complex, including tampering with his car, surveillance, and car theft.[13] Nationwide is the only defendant named in the caption of this pleading, but the pleading does not contain any allegations against Nationwide.

5. After reviewing the parties' submissions, it is apparent from the record that Plaintiff's complaint, even as amended by his pleadings dated March 3rd and April 19th, must be dismissed.[14] Although Plaintiff's complaint alleges that multiple individuals or organizations have caused him harm, Nationwide is the only defendant named in the caption and served in this case. Plaintiff does not articulate, either plainly or even vaguely, what cause of action he seeks to maintain against Nationwide. The motor vehicle accident described in the complaint allegedly involved Nationwide's insured, but Plaintiff cannot maintain a cause of action directly against Nationwide for alleged negligence by Nationwide's insured.[15] Because Plaintiff has not stated a reasonably conceivable cause of action against

---

[13] Pl.'s Ltr. to Judge LeGrow dated April 19, 2022 (D.I. 12).

[14] It is unclear whether Plaintiff's March and April submissions were intended as amended complaints. He represented to Prothonotary staff that he did not intend to amend his complaint. Even if those pleadings are read as supplements or amendments to the complaint, Plaintiff has not stated a claim against Nationwide, who is the only named defendant. If the pleadings are Plaintiff's response to the Motion, they do not respond to the arguments raised by Nationwide in support of dismissal.

[15] *Kaufmann v. McKeown*, 193 A.2d 81, 83 (Del. 1963) ("A liability insurer may well be the real party in interest, but this is not a state where a direct action is permitted against it. Plaintiff is obliged to bring his suit against the tortfeasor . . . ."); *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531 (Del. Super. 1990). Because the Court is dismissing the complaint, Defendant's alternative motion for a more definitive statement is moot.

Nationwide, and has not named or served any other defendant, the complaint must be dismissed.

## CONCLUSION

18. For the foregoing reasons, Defendant's Motion to dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.**


                                                     */s/ Abigail M. LeGrow*
                                                    Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Kevin Abdus Salaam Nadir, *pro se*
        Matthew R. Hindley, Esquire

5