**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| AMERICAN INDEPENDENT INSURANCE COMPANY, | ) ) ) ) | |
| Respondent/Appellant, | ) ) | C.A. No.: N23A-11-003 CEB |
| v. | ) ) | |
| JAMES GILMORE, III, | ) ) | |
| Claimant/Appellee. | ) ) | |

Submitted: November 15, 2024
Decided: January 31, 2025

## ORDER DISMISSING COMPLAINT ON APPEAL

For the reasons below, this complaint on appeal is dismissed.

1. This dispute began when a car owned and operated by Mr. Gilmore suffered approximately $2,300 in damage when it was grazed by a car driven by a driver named Kevin Stewart. Mr. Stewart stopped and provided that his insurer was American Independent Insurance Company ("AIIC"). Although AIIC acknowledges such a client, it does not appear that Mr. Stewart has made any appearance ever since.

2.       Gilmore filed a claim with AIIC, and Mr. Stewart submitted photos of his car for review by AIIC.[1] Eventually, and without hearing from Mr. Stewart, AIIC denied the claim.[2]

3.       Gilmore made a claim against AIIC before an Arbitration Panel with the Delaware Department of Insurance.[3] He named only AIIC as a respondent Mr. Stewart did not appear and his version was unavailable. The Arbitration Panel noted, "Respondent [AIIC] presented no evidence to refute Mr. Gilmore's version of events. Furthermore, damage on the vehicle aligns with Mr. Gilmore's recollection of how the accident occurred."[4] The Arbitration Panel granted what essentially amounted to a default judgment for Mr. Gilmore[5] and an award of $2,319.55.[6] AIIC timely appealed to this Court.

4.       Gilmore's *de novo* complaint on appeal names only AIIC.[7]

---

[1] D.I. 20 Appellee Compl. on Appeal *De Novo* at 1-9 (Oct. 3, 2024), Trans. ID 74664614 [hereinafter Appellee Compl. on Appeal *De Novo*].

[2] *Id.* at 3.

[3] *Id.* at 9.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Appellee Compl. on Appeal *De Novo* at 1.

5.      AIIC has responded to the Complaint with a motion to dismiss, arguing that "a plaintiff may not directly sue an insurer in tort for the allegedly negligent conduct of the insurer's insured."[8]

6.      Granting a motion to dismiss is appropriate if the pleadings fail to "state a claim upon which relief can be granted."[9] Courts "must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party."[10] If a complaint is "without merit as a matter of fact or law," then it should be dismissed.[11] A 12(b)(6) dismissal is appropriate when "it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[12]

7.      Delaware "is not one of those states where direct action is permitted by an injured party against a tortfeasor's liability insurer."[13] Procedurally, the

[8] D.I. 21 Appellant's Mot. to Dismiss Appellee's Compl. on Appeal at 2-3 (Oct. 16, 2024), Trans. ID 74774095 (citing *Delmar News, Inc. v. Jacobs Oil Co.*, 584 A.2d 531, 534 (Del. Super. 1990)).

[9] Super Ct. Civ. R. 12(b)(6).

[10] *USAA Cas. Ins. Co. v. Fosnaught*, 2019 WL 5110415, at *1 (Del. Super. Oct. 14, 2019) (citing *Yu v. GSM Nation, LLC*, 2018 WL 2272708, at *4 (Del. Super. Apr. 24, 2018)).

[11] *Diehl-Guerrero v. Hardy Boys Constr., LLC.*, 2017 WL 886786, at *2 (Del. Super. Feb. 28, 2017) (citing *Diamond State Tel. Co. v. University of Delaware*, 269 A.2d 52 (Del. 1970)).

[12] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998) (citing *Spence v. Funk.*, 396 A.2d 967, 968 (Del. Super. 1978)).

[13] *Willis v. City of Rehoboth Beach*, 2004 WL 2419143, at *1 (Del. Super. Oct. 14, 2004) (citing *Kaufmann v. McKeown*, 193 A.2d 81, 83) (Del. 1963); *Rodriguez v. Great Am. Ins. Co.*, 2022 WL 591762, at *5 (Del. Super. Feb. 23, 2022) (citing *Walden v. Allstate Ins. Co.*, 913 A.2d 570 (Del.

plaintiff is the master of his or her own complaint,[14] so "'a plaintiff decides, among other things, who to sue, who not to sue, where to sue and what claims to bring.'"[15] Also, the "losing party of an insurance arbitration has a right to appeal *de novo* to this Court."[16]

8.      Another car accident case, *Nadir v. Nationwide Auto Insurance*[17] is instructive. In *Nadir,* plaintiff, *pro se*, alleged that he was injured when a car struck his leg after the car drove away from an auto body shop.[18] The plaintiff claimed that Nationwide Insurance was the auto body shop's insurer.[19] In the complaint, the Plaintiff named one defendant: Nationwide Insurance.[20] But

---

2006) (TABLE)) ("In Delaware, as a general rule, an injured third-party may not bring a direct cause of action against a tortfeasor's insurer."); *Empire Fire & Marine Ins. Co. v. Miller*, 2012 WL 1151031, at *4 (Del. C. P. Apr. 5, 2012) (citing *Delmar News*, 584 A.2d at 534) ("Delaware law does not permit an injured party to maintain a direct action against the alleged tortfeasor's insurer.").

[14] *Staples, Inc. v. Cook*, 35 A.3d 421, 425 (Del. Ch. 2012) (footnote omitted).

[15] *Smartmatic USA Corp. v. Newsmax Media, Inc.*, 2023 WL 5551026, at *3 (Del. Super. Aug. 23, 2023) (quoting *Germaninvestments AG v. Allomet Corp.*, 2020 WL 6870459, at *1 (Del. Ch. Nov. 20, 2020)).

[16] *Nationwide Mut. Ins. Co. v. Am. Indep. Ins. Co.*, 2018 WL 2263653, at *2 (Del. Super. May 17, 2018).

[17] *Nadir v. Nationwide Auto Ins.*, 2022 WL 1640805, at *1 (Del. Super. May 24, 2022).

[18] *Id.*

[19] *Id.*

[20] *Id.* at 2.

4

plaintiff did not state a cause of action against Nationwide Insurance.[21] Nationwide Insurance filed a motion to dismiss "because an injured person has no direct cause of action against a tortfeasor's insurer based on the tortfeasor's negligence."[22] Plaintiff's response to Nationwide Insurance's motion to dismiss also failed to name the underlying tortfeasor as a defendant.[23] The Superior Court dismissed plaintiff's complaint because the "motor vehicle accident described in the complaint allegedly involved Nationwide's insured, but Plaintiff cannot maintain a cause of action directly against Nationwide for alleged negligence by Nationwide's insured."[24]

9.      In this case, Appellant had two opportunities – first the before the Arbitration Panel and second before this Court – to name the tortfeasor: Mr. Stewart. Appellant was the master of his own complaint, but he omitted to name the appropriate party. Appellee argued that he did name Mr. Stewart as a respondent,[25] but the record before the Court contradicts Mr. Stewart's assertion.

---

[21] *Id.* at 1.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 2 (citing *Kaufmann*, 193 A.2d at 83).

[25] D.I. 23 Answer to Mot. to Dismiss Appellee's Compl. on Appeal at 1-2 (Nov. 15, 2024), Trans. ID 75015524.

And even if he did name Mr. Stewart before the Department of Insurance, he did not in his *de novo* Complaint on appeal to this Court.

10.    As in *Nadir*, Mr. Gilmore has fatally misaligned the parties by suing the insurance company instead of suing the insured, Mr. Stewart. It was Mr. Stewart whose car stuck Gilmore's. AIIC is merely the insurer, not the tortfeasor. AIIC's motion to dismiss the complaint on appeal is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge