Daniel R. SHELDON, Jr., Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

May 3, 1972.

Jay H. Conner, of Conner & Daley, Wilmington, for defendant below, appellant.

Richard H. Schliem, III, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice (for the majority of the Court):

Daniel R. Sheldon, Jr., the appellant, was tried in Superior Court upon an indictment for rape (11 Del.C. § 781). The jury found him guilty of the lesser offense of assault. The Court imposed a sentence of imprisonment for twenty years.

The evidence shows rather clearly that, if an assault was committed by the appellant, his intent was to rape the victim. Neither party requested the Court to include in its charge the option of a finding of guilty of assault with intent to rape, which is a felony with a maximum sentence of ten years imprisonment (11 Del.C. § 782).

Under 11 Del.C. § 3707, a maximum sentence of three years may be imposed upon a verdict of assault after the trial of "any felony whatever." The appellant contends that this section governs this case and that the Judge committed an error of law in imposing a greater sentence. As an alternative, he points to 11 Del.C. § 782, which provides a maximum penalty of ten years for assault with intent to rape, and argues that in no event should his sentence exceed that period.

The Court actually relied upon 11 Del.C. § 3704 in determining the sentence. It provides that, upon a verdict of assault after trial for rape, the Court may impose a fine and imprisonment, or either, according to its discretion.

■ The State contends that this Court has no power to review the sentence in this case because it does not exceed any limitation imposed by statute and is therefore within the power of the Court below to impose. We disagree with this argument. There might well be problems of due process in a situation where a sentencing Judge is permitted to impose sentences without any limitation of time *and* without any possibility of review. We need not decide that point, however. Clearly, this Court has jurisdiction to direct the reduction of a sentence which exceeds that permitted by statute, which is the question raised in this case.

■ The first problem we must resolve is whether the sentence is controlled by § 3707 or § 3704. There are two reasons why we hold that the governing section is § 3704. In the first place, § 3707 is a general statute which was applicable to all felonies except capital cases; § 3704 is a specific statute applicable only to rape cases. In the second place, § 3704 was adopted in 1949 (47 Del.Laws, Ch. 402), whereas § 3707 has been in effect for more than one hundred years; § 3704 clearly supplanted § 3707 in rape cases. We cannot accept appellant's argument to the contrary. He points out that § 3707 does not apply to capital cases; that rape was a capital offense until 1958 (51 Del.Laws, Ch. 347); he then concludes that § 3707 became effective as to rape cases in 1958, with the result that it is the later of the two statutes, so far as this case is concerned. On the contrary, in our opinion, if the Legislature had intended such a change, it would have used clear language to accomplish that purpose. The act of 1958 purports to do nothing more than reduce the penalty for that crime from hanging to life imprisonment.

The appellant further suggests that § 3707 has the effect of establishing a policy which limits the discretionary power of the Court in any case in which the lesser verdict of simple assault is rendered after a trial for a felony which includes an assault. Our recent decision in Hamilton v. State, Del.Sup., 285 A.2d 807 (1971) does not lead to this result. There, we held that § 3707 is a limitation upon the Court's discretionary power with respect to sentences for violation of 11 Del.C. § 105, which is a "catch-all" statute covering common law offenses not specifically covered by any other statute. Our decision dealt only with the connection between § 3707 and § 105.

We are of the opinion, however, that the discretion of a trial Judge under § 3704 is not completely unlimited, but is governed by the public policy set forth in § 782. Surely, the Legislature could not have intended that the possible punishment for a lesser included offense be the same as that for rape, despite the omission of specific language to that effect. If there be no limitation on the Judge's discretion, we would have the absurd situation whereby an assault verdict in a second-degree murder case would mean a maximum three-year sentence under § 3707, whereas under § 3704 an assault verdict in a rape case could mean life imprisonment. We are unwilling to assume that the Legislature intended any such kind of unequal justice.

Consideration of public policy, as well as the orderly and fair administration of justice, demonstrate that the most reasonable view of these various statutes is that the penalty for an assault verdict after trial of a rape case may not exceed the maximum sentence for an assault with intent to rape now set forth in § 782; we so hold. In so doing, we realize that we are departing from Hinckle v. State, Del.Supr., 189 A.2d 432 (1963). This is done with considerable hesitation; but we see no other way of furnishing satisfactory guidelines to the trial Judges in cases where determination of sentence is left completely to the discretion of the Court; nor do we see any other way, in the absence of legislative help, to insure a reasonable degree of uniformity in the sentencing process.

We take this opportunity to point out that there are numerous other criminal statutes which contain no maximum limit of sentences; it would be a great help to the administration of justice if the Legislature would provide specific maximum sentences in such statutes. The question which invariably confronts the Court is what is the legislative will; when that will has been expressed, there is usually no problem of interpretation. We strongly recommend that this be done for all "open-end sentence" statutes like § 105 and § 3704.

It would likewise be helpful if the Legislature, by statute, should permit, in a trial for rape, a verdict of either assault with intent to rape or simple assault. In fact, it might well consider a general statute permitting conviction of any lesser offense necessarily included in an offense charged. Many states have such general statutes. We have several enactments of that type covering certain specific crimes, but there are other crimes as to which this has not been done. There seems to be some doubt concerning the power of the Courts to accomplish this result in the absence of statute.*

We do not reach the cruel and unusual punishment question raised by appellant.

This case will be remanded to the Superior Court with directions to strike the sentence previously imposed and to re-sentence this appellant in accordance herewith.

WOLCOTT, Chief Justice (dissenting):

The majority in this case has carried its decision in Hamilton v. State, Del.Sup., 285 A.2d 807, one step further. For the basic reasons stated in my dissenting opinion in the *Hamilton* case, I disagree with the conclusion of the majority in the case at bar.

---

* See Superior Court Criminal Rule 31(c), which provides:
  "(c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense or of any other offense where specifically authorized by statute."