**314**

Benjamin FULLMAN, Defendant Below,
Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Nov. 21, 1972.

Angelo Falasca, Asst. Public Defender, Wilmington, for defendant below, appellant.

Myron T. Steele, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

Before WOLCOTT, Chief Justice and CAREY and HERRMANN, Associate Justices.

HERRMANN, Justice (for the Majority of the Court):

This appeal questions the propriety of a sentence of imprisonment for 5 years upon a plea of guilty to assault and battery under 11 Del.C. § 105.[1] The original charge was assault with intent to commit murder under 11 Del.C. § 577.[2]

The defendant invokes the rule of Hamilton v. State, Del.Supr., 285 A.2d 807 (1971), which held that the unlimited judicial discretion in sentencing under § 105 may be circumscribed by a statute specifying a maximum penalty for an analagous offense. See also Sheldon v. State, Del. Supr., 291 A.2d 273 (1972). The defendant argues that 11 Del.C. § 3707,[3] and the 3 year maximum prison sentence therein specified for an assault, should be deemed a limitation upon § 105 in an assault and battery case. We agree that *Hamilton* and *Sheldon* apply, but we disagree as to the applicability of § 3707.

Assault is the only offense covered by § 3707; there is no reference therein to battery. More relevant as a guideline and limitation upon § 105, under the *Hamilton*

---

1. 11 Del.C. § 105 provides:
   "§ 105. Crimes or offenses without specific punishment; common law crimes
   "Whoever commits or is guilty of an assault, battery, cheat, conspiracy, nuisance or any other offense indictable at common law for which punishment is not specifically prescribed by statute shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

2. 11 Del.C. § 577 provides:
   "§ 577. Assault with intent to murder
   "Whoever, with violence, assaults another with intent to commit murder is guilty of a felony, and shall be fined not less than $500 nor more than $1,-

000, and imprisoned not more than 20 years."

3. 11 Del.C. § 3707 provides:
   "§ 3707. Conviction of assault on trial for felony including assault
   "Upon the trial of any person for any felony whatever, where the crime charged includes an assault against the person, the jury may acquit of the felony and find a verdict of guilty of assault against the accused, if the evidence warrants such finding. When such verdict is found, the court may fine the person, so found guilty of an assault, not more than $300 and imprison him not more than three years. Nothing in this section shall be construed so as to apply to capital cases."

rule, is 11 Del.C. § 813(b) [4] which provides a maximum prison sentence of 5 years for assault and battery upon a law enforcement officer. We know of no other Delaware statutory guideline for an assault and battery sentence; but § 813(b) provides one of the highest order, furnishing a suitable standard for all others.

Following *Hamilton* and *Sheldon,* it is held that by § 813(b) the General Assembly manifested a public policy establishing a maximum incarceration period of 5 years for the crime of assault and battery. The sentence here imposed under § 105 does not exceed that maximum. Therefore, it will not be disturbed.

This kind of analysis and analogy seems necessary in the pursuit of the degree of uniformity in the sentencing process so essential to fairness and justice. As we stated in *Sheldon*: (291 A.2d at 275)

" * * * [W]e see no other way of furnishing satisfactory guidelines to the trial Judges in cases where determination of sentence is left completely to the discretion of the Court; nor do we see any other way, in the absence of legislative help, to insure a reasonable degree of uniformity in the sentencing process.

"We take this opportunity to point out that there are numerous other criminal statutes which contain no maximum limit of sentences; it would be a great help to the administration of justice if the Legislature would provide specific maximum sentences in such statutes. The question which invariably confronts the Court is what is the legislative will; when that will has been expressed, there is usually no problem of interpretation. We strongly recommend that this be done

for all 'open-end sentence' statutes like § 105 * * *."

The judgment below is affirmed.

WOLCOTT, Chief Justice (concurring specially):

I agree with the result the majority reaches on the ground that the sentence imposed is more than justified by the facts. I disagree, however, in the rationale of the majority view for the reasons expressed in my dissents in Hamilton v. State, Del. Supr., 285 A.2d 807, 810 (1971) and Sheldon v. State, Del.Supr., 291 A.2d 273, 275 (1972). I think the sentencing power under 11 Del.C. § 105 may not be limited by analogy.

4. 11 Del.C. § 813(b) provides:
   "(b) Whoever, with intent to do bodily harm, assaults and causes serious bodily harm to a duly constituted police officer, prison guard, or other law enforcement officer acting in the lawful performance of his duties, while in uniform, or after evidence of authority has been exhibited, or after authority has been specifically declared, shall be fined not less than $500 nor more than $5,000, and shall be imprisoned not less than 1 year nor more than 5 years."