**50**

Kenneth DAY, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Oct. 10, 1972.

Theodore F. Sandstrom, Wilmington, for the appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

The appellant was convicted of possession and sale of a dangerous drug. In this appeal he raises two points for reversal of his conviction.

The first point is that the State's circumstantial evidence was insufficient to sustain a conviction of sale of a dangerous drug. The State's case is as follows:

The police, through an informer, supplied two five dollar bills, the serial numbers of which were recorded, to an informer for the purchase of marijuana from the appellant. The police then searched the informer and found no drugs or money on his person. The informer and a patrolman waited in a car until the appellant appeared in his car. The informer then talked to the appellant who was reluctant to sell to the patrolman whom he did not know. The informer then got in the appellant's automobile and drove off, returning in about five minutes with a quantity of marijuana. He stated to the patrolman that he had purchased the marijuana from the appellant with the two marked five dollar bills. Shortly thereafter, the appellant was arrested and a search of his person yielded a package of what was apparently marijuana and one of the two marked five dollar bills. Shortly thereafter, a cash register in a store where the appellant had made a transaction was searched, and in it

was found the second marked five dollar bill.

The appellant argues that this evidence is insufficient to prove his guilt beyond a reasonable doubt. He argues that the informer should have been called as a witness at least, and that the circumstantial evidence is as consistent with a hypothesis of innocence as of guilt, since the informer, during his absence from the presence of the patrolman, could have purchased the marijuana from some third person.

 We think, however, to the contrary. It seems clear from the circumstances that the appellant was the actual seller of the marijuana and not an intermediary, as he suggests. This conclusion is required by the presence on his person of one of the marked bills and the finding of the second bill in a cash register where he had just completed a transaction prior to his arrest. These circumstances are conclusive proof that the appellant was not a mere agent but was the real seller of the drug. There is therefore nothing to the first point.

The second point appellant raises is that the failure of the State to introduce into evidence the two marked bills destroys the State's case by reason of the best evidence rule. Since this point was not raised at trial, we need not consider it. Seeney v. State, Del.Supr., 211 A.2d 908 (1965). We will, however, mention the matter briefly.

The State's evidence with respect to the bills was the oral testimony of the patrolman who recorded the serial numbers and who testified that the bill found on the person of the defendant bore one of the recorded serial numbers, and the bill cashed in some sort of transaction bore the serial number of the second one.

The appellant has mistaken what the best evidence rule is. He argues that the rule requires the production of the best evidence available. But the best evidence rule is that "in proving the terms of a writing, where such terms are material,

the original document must be produced * * *." McCormick on Evidence, § 196; 4 Wigmore on Evidence, 3rd Ed., § 1174. In the case at bar, the actual writings on the five dollar bills were immaterial. The only material point was the identification of the particular bills through the serial numbers recorded by the patrolman. It follows, therefore, that the State's case of circumstantial evidence was more than sufficient to support only the reasonable hypothesis of guilty.

The conviction below is affirmed.