189 A.2d 432 (1963)
Earle Richard HINCKLE, Appellant,
v.
STATE of Delaware, Appellee.
Supreme Court of Delaware.
March 4, 1963.
Petition for Reargument Denied March 19, 1963.
E. Dickinson Griffenberg, Jr., of Killoran & Van Brunt, Wilmington, for appellant.
W. Laird Stabler, Jr., Deputy Atty. Gen., Wilmington, John B. Maybee, Deputy Atty. Gen., Dover, for the State.
SOUTHERLAND, C. J., and WOLCOTT and TERRY, JJ., sitting.
*433 WOLCOTT, Justice (for the majority of the Court).
This is an appeal from a sentence of seven years' imprisonment imposed after a plea of guilty to an information charging the obtaining of money under false pretenses, and also from an order denying a petition under Criminal Rule 35 Del.C.Ann. for a reduction of sentence.
The prisoner was first indicted for the crime of forgery of a check in the amount of $62.50. By 11 Del.C. § 543, the maximum permissible sentence for the crime of forgery, a felony, is a fine of $2,000.00 and imprisonment for five years.
After his arraignment on the forgery charge the prisoner's court-appointed counsel conferred with a member of the Attorney General's staff who recognized that the State might have some difficulty in this case in proving one or more elements of the crime of forgery. As a result, the State agreed to dismiss the forgery charge if the prisoner would plead guilty to an information charging him with obtaining money under false pretenses, a misdemeanor. There is no minimum or maximum penalty prescribed by law for the crime of obtaining money under false pretenses. 11 Del. C. § 554, provides that one convicted of the crime "shall be fined or imprisoned, or both, as the court deems proper under the circumstances."
Thereupon, the prisoner waived indictment and plead guilty to a charge under 11 Del.C. § 554. He asked for a pre-sentence investigation, which was had, and on September 6, 1962 was sentenced to imprisonment for a term of seven years. On September 12, 1962 he petitioned under Criminal Rule 35 for a correction or reduction of his sentence. This petition was denied on October 3, 1962.
The prisoner thereupon appealed from the sentence entered on September 6, 1962, and from the denial of his petition for correction under Criminal Rule 35.
We take up first the appeal from the sentence of September 6, 1962. The jurisdiction of this Court to entertain appeals in criminal cases is conferred by Article IV, Section 11, paragraph (1) (b) of the Constitution Del.C.Ann. as follows:
"To receive appeals from the Superior Court in criminal causes, upon application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes * * *."
In Short v. State, Del., 181 A.2d 225, we held that the quoted section of the Constitution did not confer jurisdiction upon this Court on appeal to reduce an allegedly excessive sentence which fell *434 within the statutorily prescribed limits. In Steele v. State, 2 Storey 5, 151 A.2d 127, we held that a statute conferring authority upon a sentencing court to impose as a sentence fine or imprisonment in its discretion was not constitutionally bad. It follows, therefore, that we are without power to review this sentence by way of appeal from the sentence, itself, since it does not exceed the maximum under the statute.
The prisoner argues to the contrary, making an argument based upon Article IV, Section 28, permitting appeals from inferior courts to the Superior Court. But we think the two sections are not comparable. Section 28 was included in the Constitution in order to permit review of unrestrained power in inferior court judges and justices of the peace to impose sentences without limit when the proceeding had been without indictment or trial by jury. It therefore follows that appeal to the Superior Court from a sentence imposed after a plea of guilty is for the sole purpose of reviewing the propriety of the sentence. State v. Stevens, 3 W.W.Harr. 479, 139 A. 78; Martin v. State, 10 Terry 344, 116 A.2d 685, and State v. Gale, 11 Terry 354, 130 A.2d 786.
The situation on appeal from the Superior Court to this Court is entirely different, for on appeal to the Superior Court from an inferior court the proceeding is by trial de novo, during which all the circumstances of the cause can be inquired into. In this court, however, we have only the record which on its face shows the imposition of a legal sentence. We have before us no basis to determine whether or not the sentence is excessive. The record before us demonstrates that it is legal and nothing more.
The second phase of the prisoner's appeal is that the denial of his petition for correction under Criminal Rule 35 by the sentencing judge was an abuse of judicial discretion. We have no doubt that an exercise of judicial discretion of this nature is reviewable by this Court in order to determine whether or not it has been abused. But, of course, in order to permit intelligent review the record must contain all circumstances considered by the sentencing judge.
The prisoner points to crimes comparable to the one to which he pleaded guilty, viz., petit larceny (11 Del.C. § 632), embezzlement of less than $100 (11 Del.C. § 636), issuing a worthless check of less than $100 (11 Del.C. § 555(b), and receiving stolen property of less than $100 (11 Del.C. § 792), for all of which the maximum penalty is imprisonment for one year. He argues that since these crimes are similar in seriousness to the one to which he plead guilty, the sentencing judge should have equated his offense to them and sentenced him to no more than a year. The argument would seem to be that in view of this comparison, as a matter of law, a sentence in excess of one year constitutes an abuse of discretion.
We think, however, the conclusion does not necessarily follow. In the first place, the General Assembly which prescribed the maximum penalties for the listed crimes also directed that for the crime of obtaining money under false pretenses there should be no maximum limit. This, we think, is a recognition that obtaining money under false pretenses could well range from petty to serious offense against society. To adopt the prisoner's view of the matter would be to prescribe limitations which the General Assembly clearly thought undesirable. We think it entirely proper for the sentencing judge in deciding upon a sentence to take under consideration the permitted maximum sentence for other comparable crimes, but those maximums are not binding upon him. They are at the most guides to him in the exercise of his discretion.
The prisoner argues further that it was error for the sentencing judge to refuse to consider the fact that by agreement the State dismissed an indictment against him for forgery, a felony with a maximum *435 sentence of five years, and accepted a guilty plea to a misdemeanor. He argues that the sentence in no case should have been greater than the maximum for the more serious offense. The argument is almost one of indignation because, having co-operated with the State, he finds himself penalized with an extra two years in prison which, under no circumstances, could have been imposed upon him had he refused to cooperate. The argument is not without its appeal to a sense of fair play.
It appears affirmatively that the sentencing judge expressly rejected from his consideration the bargain that was struck between the State and the prisoner. The length of sentence was determined by him by reason of the economic desirability of being free from the fear of receiving bad checks, the information to which the prisoner plead guilty, and the pre-sentence investigation report which, by stipulation, has been made part of the record before us. We think these proper matters to be considered in determining the length of sentence to be imposed, but we think also that the bargain between the State and the prisoner should not have been summarily rejected.
We, of course, do not say that the State, by agreement with a prisoner, can effectively limit the court in the exercise of its discretion. But we do say that the court is not free to ignore the action of the State. Consideration of fair play, if nothing else, would seem to require that serious consideration be given to the fact that the State has accepted a plea to a lesser offense. Particularly is this so when conviction under the higher offense apparently was doubtful through a deficiency of proof.
Furthermore, we have no doubt, efficiency in administering the criminal laws oftentimes makes it desirable for the State to accept pleas to lesser offenses. Obviously, the ability of the State to do this would be materially hampered, if not ended, if the prisoners understood that in so agreeing they ran the not remote risk of receiving a sentence greatly in excess of the maximum sentence of the crime for which they were originally charged.
The matter is not without importance. In any event, we think the deliberate rejection of any consideration of it is sufficient to amount to an abuse of discretion on the part of the sentencing judge, and to require a reversal of his order denying the prisoner's petition under Criminal Rule 35.
The cause will be remanded with instructions to strike the sentence heretofore imposed upon the prisoner, and to resentence him in accordance with this opinion, giving him credit for the time he has already been imprisoned.
TERRY, J., dissents.