FRANKLIN W. CANNON, JR., Defendant Below, Appellant, v. THE STATE OF DELAWARE, Plaintiff Below, Appellee.

(*September* 13, 1963.)

TERRY, C. J., WOLCOTT and CAREY, J. J., sitting.

*Harold Schmittinger* and *Nicholas H. Rodriquez* for appellant.

*E. Norman Veasey,* Chief Deputy Attorney-General, and *Peter Warren Green,* Deputy Attorney-General, and *John Behan Maybee,* Deputy Attorney-General, for the State.

*Howard M. Handelman* and *H. B. Rubenstein* for American Civil Liberties Union, *Amicus Curiae.*

Supreme Court of the State of Delaware, No. 30, 1963.

PER CURIAM:

This is an appeal from the denial of a motion for the correction of an illegal sentence under Rule 35(a) of the Criminal Rules of the Superior Court.

In 1961 the prisoner plead guilty to the crime of grand larceny and was sentenced to a term of three years imprisonment and to be whipped with 20 lashes. The sentence thus imposed was suspended and the prisoner placed on probation for the term of five years. On May 8, 1962, the prisoner having violated the conditions of his probation was detained as a probation violator and, on November 13, 1962, the original sentence of three years imprisonment and 20 lashes was reimposed.

Thereafter, the prisoner filed a motion under Rule 35(a) for the correction of an illegal sentence on the ground that the imposition of lashes as a penalty for crime was cruel and thus prohibited by the Delaware Constitution and the Eighth Amendment to the United States Constitution. In addition, the prisoner sought a hearing at which he proposed to offer expert and nonexpert testimony upon (1) the procedure and physical characteristics of whipping, (2) the physical and mental effects of whipping upon prisoners, (3) undesirability of the use of corporal punishment in the opinion of sociologists and penologists, and (4) the mental condition of the appellant and the probable physical and mental effects of whipping him.

Initially, the prisoner argues in this appeal that whipping, *per se*, is a cruel punishment constitutionally prohibited. In *State v. Cannon*, 5 Storey 587, 190 A. 2d 514, this precise question in this precise case was certified to us and we held that whipping as such was not prohibited by either Article I, Section 11 of the Delaware Constitution *Del. C.* or the Eighth Amendment to the United States Constitution. Having in that case thoroughly considered the arguments made upon this point, we decline to reconsider them.

Secondly, the prisoner argues that the imposition of whipping as a penalty for the crime of larceny is so excessive and disproportionate to the seriousness of that crime in comparison with others as to, in law, make the penalty excessive. In *Hinckle v. State*, Del., 189 A. 2d 432, a somewhat similar argument was rejected when we held that it lay within the province of the General Assembly in its wisdom to prescribe maximum penalties for crimes differentiating among them for that purpose. We thought then, and we think now, that the fixing of penalties for crimes is a matter for action by the General Assembly.

Since the sentence imposed upon this prisoner is within the statutorily-permitted maximum, this Court has no jurisdiction to reduce an allegedly-excessive sentence falling within that limit. *Hinckle v. State, supra.*

The third phase of this appeal is directed toward the denial by the trial judge of the prisoner's motion under Rule 35(a) for the correction of an illegal sentence. Rule 35(a) provides that a prisoner in custody may file a motion to "vacate, set aside or correct" his sentence on the ground that the sentence was imposed in violation of the Constitution and laws of this State or the United States, or that such sentence was in excess of the maximum permissible sentence, or is otherwise subject to collateral attack.

We have little doubt but that a sentence excessive

in the sense that it has an entirely unwarranted adverse effect upon a prisoner may be attacked collaterally under Rule 35(a). *United States v. Pendergast.* W. D. Mo., 28 F. Supp. 01.

 At the time of the argument of this appeal we did not have before us the presentence investigation and report which were available to the trial judge at the time of the re-imposition of the original sentence upon this prisoner. This report has since been made available to us. In view of the fact that such reports are customarily kept confidential for the use solely of the sentencing judge, we will not outline its contents. Suffice it to say that there is in such report sufficient to indicate that this prisoner is possibly mentally unstable and that the imposition of whipping as a penalty for his crime might well have a far-reaching and unwarranted adverse effect upon him as an individual. There was sufficient, in our opinion, to compel the sentencing judge to hear the expert testimony offered by the prisoner along this line. Instead of doing this, the trial judge refused a hearing on the motion under Rule 35(a) despite its clear direction to grant such a hearing, and to make findings of fact and conclusions of law with respect to the issues raised.

We will therefore remand this cause to the Superior Court with instructions to conduct such a hearing, confining it, however, solely to the question of the mental condition of the prisoner and any probable unwarranted adverse effects of whipping him.

The other evidence sought to be offered by the prisoner with respect to the physical characteristics of the imposition of lashes and the opinions of sociologists and penologists, we think, more properly matters to present to the General Assembly than to a sentencing judge.