JAMES R. SEENEY, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.

(*June* 29, 1965)

WOLCOTT. C. J., and CAREY and HERRMANN, JJ., sitting.

*William S. Megonigal, Jr.,* of Morris, Nichols, Arsht & Tunnell, for appellant.

*F. L. Peter Stone,* Deputy Atty. Gen., for appellee.

Supreme Court of the State of Delaware. No. 84, 1964.

WOLCOTT. Chief Justice:

This is an appeal from the Superior Court of New Castle County from the denial of relief under Rule 35 from a conviction of robbery and the imposition of a sentence of 10 years. Two questions are presented:

(1) Was prejudicial error committed by a comment of the trial judge made during the testimony of the prisoner during his direct examination?

(2) Did the Superior Court abuse its discretion under the circumstances by imposing a sentence of 10 years upon the prisoner?

With respect to the first question, it appears that the State proved that the prisoner assaulted one Walker and took from him approximately thirty-one cents and a watch. On direct examination the prisoner was asked questions intended to demonstrate that the watch in question had come into his possession inadvertently. His explanation was that in the course of the struggle he grasped Walker's arm and Walker pulled away, thereby leaving the wrist watch in his hand. Following this explanation, which does seem rather unusual, the trial judge made the following comment to the prisoner's counsel:

"Well, Mr. Hyde, you have done a noble job up to now but unfortunately your witness hasn't helped you. By his own language. I say unfortunately you have done a noble job up to now but unfortunately your witness hasn't helped you, that's all."

It is argued that the above-quoted comment by the trial judge was a violation of Article IV, Section 19 of the Delaware Constitution, *Del. C.* Ann. which provides:

"Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law."

This provision of the Constitution is, of course, clear on its face and it has repeatedly been applied to prohibit a trial judge either in the course of the trial or in his instructions to the jury from commenting upon the evidence or expressing an opinion upon the facts at issue in the case. *Cloud v. State,* 2 Storey 182, 154 A. 2d 680, 78 A. L. R. 2d 294; *Buckley v. R. H. Johnson & Co.,* 2 Terry 546, 25 A. 2d 392; *Daniels v. State,* 2 Pennewill 586, 48 A. 196, 54 L. R. A. 286.

We are not clear as to the precise meaning of the statement made by the trial judge and it seems to us susceptible of different meanings. Despite this, however, we think the error, if any, is nonprejudicial by reason of the fact that in his instructions to the jury the trial judge properly stated that the jury was the sole and exclusive judge of the facts, the credibility of the witnesses and the weight and value to be given the testimony, and that the court, under no circumstance, may ever comment on the testimony and evidence.

The trial judge went further and stated that the jury was not to infer from the fact that he had asked questions of the witnesses that he favored one side as against the other, or had any opinion as to the merits of the cause.

In view of the doubt as to the precise meaning of the quoted comment of the trial judge, and in further view of the explicit instructions given the jury upon the point, we are of the opinion that

any error committed in this respect was cured by the instructions. It was therefore not prejudicial.

Furthermore, no objection to, or motion to strike the trial judge's remarks was made at the trial. Since we do not find "plain error", such as is contemplated by Superior Court Criminal Rule 52, the error, if any, is not further reviewable.

The second point relates to the severity of the sentence imposed upon the prisoner. The argument is that the circumstances of the crime of which the prisoner was convicted demonstrate that the sentence was manifestly excessive, thereby constituting an abuse of discretion.

We do not have before us the full record upon which the prisoner was sentenced. For example, we have not seen the prisoner's prior criminal record, if any, nor have we seen the presentence investigation which we assume, in accordance with the usual practice of the Superior Court, was ordered by the trial judge. These were matters before the trial judge to aid him in the exercise of his discretion in imposing sentence. Presumably, they were considered by him, but since they are not before us we have no means to test the severity of the sentence.

Furthermore, in *Short v. State,* Del., 181 A. 2d 225, we held that we were without authority on appeal to reduce as excessive an imposed sentence which fell within the statutorily prescribed limits of punishment. 11 *Del. C.* Sec. 811 provides that for the crime of robbery a person convicted shall be imprisoned not less than three nor more than twenty-five years. The sentence imposed in this case is, therefore, within the statutorily permissive limits and this Court is without jurisdiction or authority to change it.

The prisoner cites *Hinckle v. State,* Del., 189 A. 2d 432, to the effect that under some circumstances this Court may strike a sentence and remand the cause for resentencing. It is true that a remand was ordered in the Hinckle case but for the reason that in the imposition of the sentence involved in that case the trial judge had expressly rejected

from his consideration matters to which, in our opinion, he should properly have given consideration. There is, however, in the case at bar nothing of this nature.

If the sentence imposed upon the prisoner is in fact excessive, any relief to which he may be entitled must be obtained by an application to the Board of Pardons for a recommendation of executive clemency.

The judgment below is affirmed.