**Irvin L. OSBURN, Appellant,**

v.

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Oct. 27, 1966.

Michael F. Tucker, Asst. Public Defender, Wilmington, for appellant.

F. L. Peter Stone, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The prisoner seeks review of a sentence of 25 years for armed robbery. He plead guilty to the indictment; the sentencing judge ordered a presentence investigation and, subsequently, imposed the maximum sentence allowed by the statute, 11 Del.C. § 811.

This Court has no power on appeal to reduce a sentence which is within the maximum penalty allowed by the statute. Seeney v. State, Del., 211 A.2d 908; Cannon v. State, Del., 196 A.2d 399; Hinckle v. State, Del., 189 A.2d 432. The prisoner does not contest this rule, but seeks to have his sentence struck and his cause remanded for sentencing because he says the

sentence was imposed upon him in violation of Criminal Rule 32(a) of the Superior Court, Del.C.Ann. and of 11 Del.C. § 4331(a).

Criminal Rule 32(a) provides in part as follows:

"  *  *  *   Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment."

11 Del.C. § 4331(a) provides in part as follows:

"No offender shall be sentenced to 6 months or more,  *  *  *  before a written report of presentence investigation is presented to and considered by the Court.  *  *  *  "

From the transcript of the proceedings at the imposition of sentence, the following appears:

At the outset, the sentencing judge stated to the Public Defender, appearing for the prisoner, that he had a pretty hard case on his hands, to which the reply was that he had. The judge then announced that he considered the case to be a "perfect case" for the imposition of the maximum sentence. He then asked the prisoner if he had anything to say. The prisoner stated that he had been unable to get a job.

The judge then referred to the prisoner's bad record; stated that because of the prisoner's age he would not impose lashes, and that there was nothing that could be said for him. The judge then added that if the Public Defender had tried to say something good in his behalf, "I was going to stop him."

■  We think the summarized version of what took place at the time of sentencing clearly indicates that the sentencing judge had a "closed mind" on the subject before the proceedings started. This fact alone was a violation of the intent, purpose and spirit of Criminal Rule 32(a) which requires, by necessary implication, that before finally reaching a decision as to sentence, the sentencing judge have an open mind at least to the extent of receiving all information bearing on the question of mitigation. Cf. Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670.

■  We think it not improper for a sentencing judge to mount the bench with some preconceived notion about the proper sentence to be imposed, but we think it quite improper for him at that point to have closed his mind upon the subject. When such is the case, due process is lacking and the sentence must be struck and the cause remanded for the imposition of sentence in the proper fashion.

■  The prisoner argues, in addition, that the failure to have the record show affirmatively that the presentence report was considered by the judge, is a violation of § 4331(a). We think to the contrary, however. It would probably be better practice to do so, but there is no requirement of law to that effect. As a matter of fact, we think it apparent that the sentencing judge must have considered the report since it contained the prisoner's prior record.

The cause is remanded with instructions to strike the sentence imposed upon the prisoner, and with further instructions for the imposition by a different judge of sentence upon the prisoner.