John Richard HAMILTON, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Dec. 16, 1971.

Bernard Balick, Asst. Public Defender, Wilmington, for defendant below, appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice (for the majority) :

John Richard Hamilton has appealed from a ruling of the Superior Court refus-

ing to reduce a sentence of twenty years imprisonment which that Court had imposed after a plea of guilty to an assault, which is a misdemeanor. At the time of this offense, the appellant was on parole from a previous sentence of ten years imprisonment for robbery.

The facts are these: The appellant was repairing some furniture for a female friend at her home. For no apparent reason, he suddenly hit her with a hammer which he was then using. He then left the scene in her car, but after proceeding a few miles, he stopped and called his probation officer, who came to meet him and accompanied him to a police station, where he was placed under arrest. The victim was badly injured, and now has a soft area in her skull; she must wear a football helmet since even a mild impact upon the injured area could cause her death.

The appellant claims that he has no recollection of the attack; that he recalls working on the furniture, but does not remember striking the blow or driving away in the car. He states that he suddenly realized, when he was several miles away, that he was driving the lady's car and, thinking that he might be accused of having done something wrong which would constitute a violation of his parole, he promptly stopped at a telephone booth and called the parole officer.

The appellant was indicted for an assault with intent to commit murder, under 11 Del. C. § 577, which is a felony. Conferences between the opposing attorneys resulted in an agreement to a plea of simple assault. The State then filed a new information charging an assault under 11 Del.C. § 105, and appellant entered a plea of guilty thereto. At the time of sentencing, the Deputy Attorney General explained to the Court that he had agreed to accept the plea to this lesser charge because of his doubt of the State's ability to prove an intent to murder.

▬ Soon after imposition of the 20 year sentence, the appellant filed a petition for reduction thereof under Rule 35 of the Superior Court Rules of Criminal Procedure. The Court below denied the petition and this appeal ensued, on the ground that the denial was an abuse of discretion.

11 Del.C. § 105 reads as follows:

"Whoever commits or is guilty of an assault, battery, cheat, conspiracy, nuisance or any other offense indictable at common law for which punishment is not specifically prescribed by statute shall be fined in such amount, or imprisoned for such term, or both, as the court, in its discretion, may determine."

This statute has been a part of the Delaware law for at least 150 years. Its purpose is to make clear that all common-law offenses, not expressly covered by statute, are still crimes in this state. Steele v. State, Del.Supr., 2 Storey 5, 151 A.2d 127 (1959). As at common law, the sentence to be imposed is discretionary, but this Court may review the denial of a motion under Superior Court Rule 35 for reduction thereof to determine whether there has been an abuse of discretion. Hinckle v. State, Del. Supr., 189 A.2d 432 (1963).

In *Hinckle, supra*, this Court held that discretion was abused and error was committed when the sentencing Judge refused to give consideration to the arrangement made between the State and the defendant whereby the charge was reduced to a lesser offense in consideration of the guilty plea. This Court then stated:

"Furthermore, we have no doubt, efficiency in administering the criminal laws oftentimes makes it desirable for the State to accept pleas to lesser offenses. Obviously, the ability of the State to do this would be materially hampered, if not ended, if the prisoners understood that in so agreeing they ran the not remote risk of receiving a sentence greatly in excess of the maximum sentence of the crime for which they were originally charged."

In the present case, the sentence in fact amounts to a rejection of the arrangement

made, although the record shows good reason for that arrangement. The State conceded that there was ample cause seriously to doubt whether a jury would find an intent to murder.

■ 11 Del.C. § 577, upon which the original indictment of assault with intent to murder was founded, provides a maximum penalty of twenty years imprisonment. 11 Del.C. § 3707 permits the jury to acquit of any felony which involves an assault, and return a verdict of simple assault, if the evidence justifies such finding, in which event the maximum penalty shall be three years imprisonment.* Of course, the present matter could have been handled by the procedure of having the defendant, with consent of the State, enter a plea of guilty to simple assault upon the indictment; there was really no necessity to file a new information. Superior Court Criminal Rule 31. If this procedure had been followed, it would seem clear that the maximum permissible penalty would have been the three-year period provided in § 3707. The fact that guilt is established by a plea, rather than a verdict, does not authorize a greater sentence than the statute permits. No reason has been given to indicate why this procedure was not followed. The record contains nothing to indicate a deliberate intention to evade the limitation of § 3707; likewise, there is nothing to suggest that the use of this procedural device was a part of the bargain made. In any event, the net result is that not only has the appellant received no benefit from his bargain, he has instead received the maximum penalty for the felony originally charged, despite the State's admitted doubt concerning the proofs, its express agreement to accept the lesser plea, and the Court's acceptance thereof.

■■ We think that the penalty limitation of § 3707 is not confined to cases in which a defendant actually goes to trial on the felony charge and is found guilty by the jury of the lesser offense. Surely, it would be applicable to a case where jury trial is waived and the assault verdict is reached by the court. The crime is precisely the same whether guilt is determined under § 105 or § 3707; neither statute classifies assaults into different categories such as simple and aggravated assaults. We cannot believe that the Legislature intended to establish different maximum sentences for the same offense under the two statutes. Where statutes conflict, it is our duty to harmonize them if we reasonably can. In so doing, the specific prevails over the general.

■ In our opinion, § 3707 is a limitation upon § 105 in a case such as this. The only logical and consistent conclusion is that the Legislature, by the express limitation contained in § 3707, has manifested a clear and unequivocal intent to establish a maximum incarceration period of three years for the lesser offense of assault when, as here, the original charge was a felony including an assault, regardless of whether the conviction is the result of the verdict of jury or judge, or of a plea, and regardless of whether the conviction is based upon § 105 or § 3707. The sentence here imposed exceeds that maximum and cannot be permitted to stand.

■ Under the facts of this case, it seems apparent that, if the appellant was guilty of an assault, he was also guilty of

---

\* 11 Del.C., § 3707, also more than a century old, provides:

"Upon the trial of any person for any felony whatever, where the crime charged includes an assault against the person, the jury may acquit of the felony and find a verdict of guilty of assault against the accused, if the evidence warrants such finding. When such verdict is found, the court may fine the person, so found guilty of an assault, not more than $300 and imprison him not more than three years. Nothing in this section shall be construed so as to apply to capital cases."

a battery. He was not charged with a battery, however. We cannot include this additional offense in our consideration, but must deal with the case as it comes to us.

The sentence must be reversed, and the case remanded with instructions to strike the prior sentence and to resentence the appellant in accordance herewith. Nothing herein said is intended to require the new sentence to run concurrently with any time remaining to be served for the robbery conviction.

WOLCOTT, Chief Justice (dissenting):

I do not agree with the conclusion of the majority that the sentence to be imposed upon this appellant is limited by the three-year maximum permitted by 11 Del.C. § 3707.

The appellant in fact plead guilty under 11 Del.C. § 105 to assault which has no limitations upon the sentence to be imposed. In Steele v. State, 2 Storey 5, 151 A.2d 127 (1959), we held 11 Del.C. § 105 to be constitutional, and in Hinckle v. State, 6 Storey 35, 189 A.2d 432 (1963), we held that this Court has no jurisdiction to review an allegedly excessive sentence which falls within the statutorily prescribed limit. The sentence imposed in this case is of that class.

Under the facts of this case the majority thinks the result is an anomaly, but that does not mean it is illegal. As a matter of fact, the difficulty seems to stem from the failure of 11 Del.C. § 105 to distinguish between aggravated assault and simple assault. The statute simply lumps them together. It is apparent that this appellant committed an aggravated assault and was sentenced for it.

I would affirm the sentence and suggest to the General Assembly that it give consideration to clarifying the law in this field. As we pointed out in Cannon v. State, 5 Storey 597, 196 A.2d 399 (1963), the prescribing of penalties for crime is the province of the General Assembly, not the Courts.