**STATE of Delaware**

v.

**Marcello RISPOLI.**

Superior Court of Delaware, New Castle.

Submitted on Briefs Sept. 5, 1975.

Requested Additional Material Received from Attorney General Oct. 29, 1975.

Decided Oct. 31, 1975.

Charles M. Oberly, III, Deputy Atty. Gen., Dept. of Justice, Wilmington, for the State of Delaware.

Victor F. Battaglia, Biggs & Battaglia, Wilmington, for defendant.

TAYLOR, Judge.

Defendant was indicted by the Grand Jury on two misdemeanor counts, Count I, charging improper influence in violation of Title 11, § 1207(1), and Count II, charging political activity in violation of Title 29, § 5954(a), Delaware Code.

I

Defendant contends that Count I[1] should be dismissed because 11 Del.C. § 1207(1) applies only to threats to influence a voter's exercise of discretion in the act of voting. Defendant contends that under the wording of Count I it appears that Margaret Sarepera was not registered to vote and therefore could not have been influenced with respect to the act of voting.

---

1. "*COUNT I. A MISDEMEANOR.* IMPROPER INFLUENCE in violation of Title 11, Section 1207(1) of the Delaware Code of 1953, as amended.

Marcello Rispoli on or about November 12, 1973 in the County of New Castle, State of Delaware, did then and there threaten unlawful harm to Margaret E. Sarepera with intent to influence her exercise of discretion as a voter, to wit did cause Penny St. John to threaten said Margaret E. Sarepera in that she would not obtain employment unless she registered to vote as a member of the Democratic Party."

The Count is silent as to whether she was or was not registered to vote. The only necessary inference from the Count is that she was not then registered as a member of the Democratic party to vote. No inference can be drawn from the wording of the Count whether she was or was not registered as a voter.

▪ The provision under which defendant is charged reads:

"§ 1207. Improper influence; class A misdemeanor. A person is guilty of improper influence when: (1) He threatens unlawful harm to any person with intent to influence his decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party officer, or voter; . . .".

It is clear that this provision deals with threats to influence persons who are public servants, party officers or voters. I conclude that the word "voter" as used in the statute means a person who is qualified to vote at a particular election. *Brennan v. Black*, Del.Supr., 34 Del.Ch. 380, 104 A.2d 777 (1954); *McComb v. Robelen*, 13 Del. Ch. 157, 116 A. 745 (1922).

▪ A further element of the provision is that the threat be done with intent to influence the voter's decision, opinion, recommendation, vote, or other exercise of discretion. This, necessarily refers to the vote or exercise of discretion as a voter. Hence, the purpose of the provision is to prevent interference with the voter's exercise of his discretion as a voter and necessarily refers to a discretion related to voting. I conclude that it applies to voting, generally, and that it encompasses primary elections as well as general elections.

▪ The question, therefore, is whether inducing a person to register as a member of the Democratic party would have had the effect of influencing the person's exercise of discretion as a voter.

Count I does not allege that the person sought to be influenced was to be influenced other than in registering as a Democrat to vote (thereby the person would have become eligible to vote (or not vote) at general elections and at Democratic primary elections).[2]

The indictment does not state whether the person sought to be influenced was registered or not. If the person sought to be influenced had not previously been registered as a voter, the person prior to registration had no voting discretion to be influenced, since the person being unregistered could not exercise a discretion or choice to vote or not vote. Registration to vote would create a discretion to vote or not vote or to vote in a particular manner at general elections. Nothing alleges threats to influence that discretion. If the person sought to be influenced had been registered, but without party affiliation, the person had a voter discretion for general elections, but had none as to the primary election of any political party. Registering as a Democrat would create a new voter discretion to vote or not vote at the primary elections of that party. However, registration as a Democrat merely would give the person the power to vote at Democratic primaries. The person, after registering as a Democrat, then would have the discretion to vote or not vote and to choose among the several candidates at the party's primary elections. Nothing alleges threat to influence that discretion. The indictment does not charge that the person was registered as a member of any other political party at the time of the alleged threat, and hence under the state of facts in the indictment it does not appear that the person by registering as a member of the Democratic party thereby deprived herself of the opportunity to vote in a primary of any other political party. An indictment must be set forth with such particularity that the accused is fully informed of all of the elements constituting the crime

2. For purposes of this discussion, I shall treat the word "influence" as including any interference with the discretion which the person otherwise had.

charged. *Pepe v. State*, Del.Supr., 3 Storey 417, 171 A.2d 216 (1961).

From the foregoing analysis, I conclude that Count I fails to present a state of facts which show that the objective sought to be achieved by the alleged threat could have influenced the exercise of a person's discretion as a voter, as forbidden by 11 Del.C. § 1207(1). Accordingly, Count I of the indictment is dismissed.

## II

Defendant seeks dismissal of Count II [3] on the grounds, inter alia, that the Count does not charge that defendant was an official or employee in the classified service of the State and that the indictment fails to allege a wilful violation.

29 Del.C. § 5954,[4] which the Count alleges defendant violated, contains a penalty which is specifically applicable to "any officer or employee in the classified service". From this, defendant contends that the section only prohibits action by officers or employees in the classified service. However, a reading of the section demonstrates that the draftsman was aware of the distinction. Subsections (a) and (c) refer to "no person," but subsection (b) refers to "no employee in the classified service," and subsection (d) contains the reference quoted in the first sentence of this paragraph. If the only penalty which could be applicable to this section was that found within the section, defendant's argument would be strongly persuasive.

29 Del.C. § 5947(a) provides:

"Any person who wilfully violates this chapter or any of the rules shall be guilty of a misdemeanor, and shall be punished therefor as the court may direct."

This purports to provide a penalty for wilful violation of any provision of the chapter. § 5947 and § 5954 are in the same chapter. Defendant argues that the specific penalties of § 5954, being specifically applicable to that section, should exclude the application of § 5947 to that section, citing *Hamilton v. State*, Del.Supr., 285 A.2d 807 (1971). Since § 5954(d) is not literally co-extensive with § 5954(a), it is not entitled to be applied as a limitation on the entire coverage of § 5954 to the exclusion of § 5947 when by its terms it excludes a portion of those who literally may be covered by § 5954(a).

▇ I conclude that violations of § 5954(a) may fall within the penalties of § 5947 and that persons who are not officers or employees in the classified service may violate § 5954(a).

29 Del.C. § 5947(a) applies to "[a]ny person who wilfully violates any provision of this chapter . . .". The element of wilfulness is an essential element of the misdemeanor provided in that section. Count II neither refers to § 5947 nor alleges that the actions of defendant were wilful.

It is noted that the element of wilfulness is not specified in § 5954(a), but it is made

---

3. *"COUNT II. A MISDEMEANOR.* POLITICAL ACTIVITY in violation of Title 29, Section 5954(a) of the Delaware Code of 1953 as amended.
   Marcello Rispoli on or about November 12, 1973 in the County of New Castle, State of Delaware, did then and there unlawfully engage in political activity in that he caused Margaret E. Sarepera to be promised that he would use his influence to secure for her an appointment in the classified service to wit, the Merit System of Personnel Administration of the State of Delaware if she would register to vote as a member of the Democratic Party."

4. § 5954(a), which defendant is charged with violating, reads: "No person shall use or promise to use, directly or indirectly, any official authority or influence, whether possessed or anticipated, to secure or attempt to secure for any person an appointment or advantage in appointment to a position in the classified service, or an increase in pay or other advantage in employment in any such position, for the purpose of influencing the vote or political action of any person, or for any consideration."

an element in order for the forbidden action to constitute a misdemeanor and be subject to the penalty provided in § 5947. Absent the element of wilfulness, violation of § 5954(a) is not a misdemeanor.

The element of wilfulness does not appear in the indictment and it is not found even from necessary implication, since the only statutory reference in the indictment is to 29 Del.C. § 5954(a), and that section does not require the element of wilfulness. Since the indictment does not contain the necessary element for the misdemeanor charge, it cannot survive the motion to dismiss.

### III

In view of the holdings made above, it is unnecessary to discuss the other contentions made by defendant.

Upon the grounds stated above, the motion to dismiss is granted as to each Count of the indictment.

It is so ordered.