IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT HOHN, | § | |
| | § | No. 696, 2013 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 1211021787 |
| Appellee. | § | |

Submitted: May 29, 2014
Decided: August 14, 2014

Before **STRINE,** Chief Justice, **HOLLAND** and **RIDGELY,** Justices.

### O R D E R

This 14th day of August 2014, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c) ("Rule 26(c)"), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) On November 28, 2012, the appellant, Robert Hohn, and his fiancée were arrested in connection with the abuse of Hohn's child. A grand jury indicted Hohn on charges of Child Abuse in the First Degree, Assault in the Second Degree, Conspiracy in the Second Degree, Felony Endangering the Welfare of a Child, Unlawful Imprisonment in the Second Degree, and eight counts of Misdemeanor Endangering the Welfare of a Child.

(2) On September 16, 2013, Hohn pled guilty to Assault in the Second Degree and Misdemeanor Endangering the Welfare of a Child. Following a presentence investigation, the Superior Court sentenced Hohn to a total of nine years at Level V, suspended after six years and one month for two years at Level IV suspended after six months for two years and eleven months at Level III probation. This is Hohn's direct appeal.

(3) On appeal, Hohn's appellate counsel ("Counsel")[1] has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Hohn responded to Counsel's presentation with a written submission that raises two points challenging the sentence imposed by the Superior Court. The State has responded to the position taken by Counsel as well as the issues raised by Hohn and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for

---

[1] Hohn was represented by a different counsel at trial.

2

arguable claims.[2]  The Court must also conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(5)  In the first of two points, Hohn contends that the length of his sentence exceeds the statutory maximum by six months.  Hohn is mistaken.  By statute, when the Superior Court imposes a sentence of incarceration that totals one year or more, the court must include a period of at least six months at Levels IV, III or II "to facilitate the transition of the individual back into society."[4]  The six-month transition period "may, at the discretion of the court, be in addition to the maximum sentence of imprisonment established by the statute."[5]

(6)  In his second point on appeal, Hohn contends that the judge's "repeated references" to an unrelated criminal case that was prosecuted during the judge's tenure as Attorney General, indicated that the judge was biased and had a closed mind when imposing sentence.  A sentencing judge exhibits a "closed mind" when the sentence imposed "is based on a

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Id.*

[4] 11 Del. C. § 4204(l).

[5] *Id.*

preconceived bias without consideration of the nature of the offense or the character of the defendant."[6]  When deciding on a fair and appropriate sentence in a given case, a judge must have an "open mind at least to the extent of receiving all information bearing on the question of mitigation."[7]

(7)  At Hohn's sentencing, the judge made two brief references to the 1998 prosecution and conviction of Carol Albanese for the murder by abuse or neglect of Bryan Martin, her boyfriend's child.[8]  The judge's first remark, stating that "in the Br[y]an Martin case, there were other children in the case who were well cared for," was made in response to a victim impact statement made by Hohn's teenage daughter, suggesting that Hohn should receive a lesser sentence because he had not abused her and other children in the household.[9]  The judge's second remark, noting that Hohn's hitting the victim with a belt had caused "serious injury" because of the victim's "diminished health and physical condition, much like in the Br[y]an Martin case," was made in response to defense counsel's argument that a lesser

---

[6] *Jenkins v. State*, 8 A.3d 1147, 1155 (Del. 2010) (quoting *Weston v. State*, 832 A.2d 742, 746 (Del. 2003)).

[7] *Id.* (quoting *Osburn v. State*, 224 A.2d 52, 53 (Del. 1966)).

[8] *See Albanese v. State*, 1999 WL 87154 (Del. Jan. 4, 1999) (affirming conviction and sentence).

[9] *See* Hr'g Tr. at 31, 8-10 (Dec. 6, 2013).

4

sentence was justified because Hohn had "been in jail for over a year now for [merely] hitting [the victim] with a belt."[10]

(8)    It appears to the Court that the judge's references to the *Albanese* case were intended for a proper sentencing purpose, that is, to explain by analogy to a prominent case involving similar issues why the judge did not accept Hohn's arguments for a lesser sentence.   Neither reference reflects bias or a closed mind on the part of the judge, as Hohn would have us conclude.

(9)    The first reference involved the judge's rational determination that the fact that an offender had not abused all the children under his care did not warrant a lesser sentence for abusing the child he did victimize.  The second reference involved the judge's rational determination that someone who commits child abuse should not get more lenient treatment when the victim was especially vulnerable and the assault would not have had as serious an effect on a typical child.

(10)   The mere fact that the judge had been Attorney General when the *Albanese* case was prosecuted and drew on her knowledge of the resolution of that case in addressing these specific arguments presented by Hohn's counsel is not sufficient to demonstrate that she was biased or

---

[10] *Id.* at 33, 20.

5

sentenced Hohn with a closed mind. Moreover, because the transcript of Hohn's sentencing reflects that the judge listened to victim impact statements, the representations of all counsel, and Hohn's own expressions of remorse before imposing sentence, the record does not otherwise support a claim that the sentencing judge was biased and/or had a closed mind.[11]

(11)   Upon careful review of the record, the Court has concluded that Hohn's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Hohn could not raise a meritorious issue on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

---

[11] *See Dabney v. State*, 12 A.3d 1101, 1103 (Del. 2009) (concluding that the judge did not sentence with a closed mind where the judge listened to the defendant's claims of remorse, considered both attorneys' arguments, and asked whether the victim wanted to make a statement).