# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY JACKSON, | § | |
| | § | No. 71, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0107013109 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 17, 2016
Decided: August 31, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 31st day of August 2016, upon consideration the briefs and the record on appeal, it appears to the Court that:

(1) Anthony Jackson served a prison sentence for robberies committed in New York State. After completing his sentence in New York, Jackson should have been returned to Delaware to serve a consecutive sentence from a guilty plea for robberies committed in Delaware. As a result of an apparent mistake by New York authorities, Jackson was released from prison without sending him back to Delaware to serve his sentence. For almost a year while he was at liberty, Jackson claims he met the conditions of his parole, secured job training, and earned a

salary. Someone eventually discovered the mistake, and Jackson was returned to Delaware to start serving his sentence.

(2) Jackson filed several motions with the Superior Court seeking credit against his Delaware sentence for his time at liberty following his release by New York authorities. In a January 13, 2016 order the Superior Court denied Jackson's motion for correction or reduction of sentence. On appeal Jackson claims that, under the common law doctrine of credit for time spent erroneously at liberty, the Superior Court should have credited his sentence with the time spent at liberty after being paroled by New York authorities before re-incarceration in Delaware.

(3) Credit for time spent erroneously at liberty might, under the right circumstances, be awarded to an inmate. But those circumstances are not present here. Even though he was subject to a detainer, New York correctional officials mistakenly released Jackson apparently without notifying Delaware correctional officials. Absent some evidence of negligence by Delaware correctional officials, Jackson must serve the full sentence meted out by the Superior Court. We therefore affirm.

(4) While Anthony Jackson was serving a fourteen year sentence in New York State for a 2001 robbery offense, the State of Delaware indicted Jackson in November 2001 for nine separate Delaware bank robberies. Using the Interstate Agreement on Detainers, the State brought Jackson to Delaware to face the

2

Delaware robbery charges. In February 2007, Jackson pled guilty to the Delaware charges of Robbery First Degree, Robbery Second Degree (as a lesser included offense), and Possession of a Firearm During the Commission of a Felony. The Superior Court sentenced Jackson to an aggregate of ten years unsuspended Level V incarceration, followed by decreasing levels of supervision, to run consecutive with his New York sentence.

(5) After his sentencing, Delaware returned Jackson to the custody of New York State to finish serving his New York sentence. The New York State authorities then paroled Jackson in July 2014 without returning him to Delaware to start serving his consecutive Delaware sentence. Jackson states that after his release from prison in New York, he remained under New York Board of Parole supervision, reported weekly to his probation officer where he was drug-screened each week, and successfully completed a six-month out-patient drug program. Jackson also claims to have completed a three-month anger management program and to have gone through job training and to have found a means to support himself.

(6) Jackson's time at liberty ran out when his New York State probation officer notified Jackson that he was wanted in Delaware. The record is unclear how the New York authorities learned that Jackson was wanted in Delaware. According to the State, Jackson was taken back into Delaware custody on June 18,

3

2015. Jackson has appealed the Superior Court's January 13, 2016 order denying his motion for correction or reduction of sentence. This Court reviews the Superior Court's denial of a motion under Rule 35 for abuse of discretion and reviews questions of law *de novo*.[1]

(7) Jackson relies on a doctrine known as credit for time spent erroneously at liberty. There is considerable disagreement about whether and how to apply this doctrine.[2] We have never directly addressed the issue in Delaware,[3] and do not see the need to do so on the limited briefing and record before us. When the doctrine applies, and before an inmate is awarded credit, the incarcerating authority—in this case Delaware—must be negligent in carrying out

---

[1] *Benge v. State*, 101 A.3d 973, 977 (Del. 2014); *Hamilton v. State*, 285 A.2d 807, 808 (Del. 1971); *Fountain v. State*, 100 A.3d 1021 (Del. 2014) (Table) ("We review the Superior Court's denial of a motion for correction of sentence under Rule 35[] for abuse of discretion, although questions of law are reviewed *de novo*.").

[2] *See* Gabriel J. Chin, *Getting Out of Jail Free: Sentence Credit for Periods of Mistaken Liberty*, 45 Cath. U. L. Rev. 403 (1996); Danielle E. Wall, *A Game of Cat and Mouse—Or Government and Prisoner: Granting Relief to an Erroneously Released Prisoner in* Vega v. United States, 53 Vill. L. Rev. 385 (2008); Andrew T. Winkler, *Implicit in the Concept of Erroneous Liberty: The Need to Ensure Proper Sentence Credit in the Fourth Circuit*, 35 N.C. Cent. L. Rev. 1 (2012); Jay M. Zitter, Annotation, *Effect of Delay in Taking Defendant into Custody After Conviction and Sentence*, 76 A.L.R. 5th 485 (2000).

[3] In *Harley v. State*, where an inmate was erroneously at liberty, we stated that the inmate "was given credit against the remaining term for the approximately three years he was erroneously released" and "we find no fundamental unfairness or injustice in requiring him to serve the balance of his original sentence less credit for his time out of the system." 527 A.2d 281 (Table), 1987 WL 37561, at *1. In *Guy v. State*, the facts of the erroneous release were similar to those in the case before us, except the defendant spent nearly three years at liberty. We denied credit for the time spent erroneously at liberty under the Interstate Agreement on Detainers. 911 A.2d 803 (Table), 2006 WL 2986996 (Del. 2006). Neither case addresses the doctrine.

4

the inmate's sentence.[4]  Here, Delaware correctional officials were not involved in his release.  New York correctional officials had custody of Jackson, and released him even though a detainer had been filed for his return to Delaware after finishing his New York sentence.

(8)    Jackson claims that Delaware officials were notified of his release from custody in New York State.  But the document on which he relies to show notice appears to be a Delaware Department of Correction status sheet, which does not provide any support for the claim.[5]  Without any evidence raising the possibility of negligence by Delaware correctional officials, we find Jackson's argument on appeal to be without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Vega v. United States*, 493 F.3d 310, 320 (3d Cir. 2007) ("[n]early every court to have considered the rule of credit for time at liberty has required that the government's actions in releasing or failing to incarcerate the prisoner be negligent.").
[5] App. to Answering Br. at 38–39.