IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TREY M. MILLER, | § | |
| | § | No. 241, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | I.D. Nos. 1203015202 (N) and |
| STATE OF DELAWARE, | § | 1208012177 (N) |
| | § | (Consolidated) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:   February 13, 2019
Decided:   April 18, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

On this 18th day of April 2019, upon consideration of the parties' briefs, oral argument, and the record of the case, it appears that:

(1)   The appellant, Trey M. Miller, appeals the Superior Court's denial of his motion to modify a sentence he received for violating the terms of his probation. On appeal, he contends that the sentence imposed was the result of a closed mind, judicial vindictiveness, or bias on the part of the sentencing judge.   He urges us to vacate his sentence and remand for resentencing.

(2)   At the violation of probation hearing, the State recommended that Miller be sentenced to one year at Level V with no probation to follow.   In its answering brief on appeal, the State calculates that the presumptive sentence under

the Delaware Sentencing Accountability Commission's sentencing guidelines was three years and three months at Level V. The sentence imposed by the court, however, was eight years of unsuspended Level V time, followed by probation. This sentence significantly exceeded both the State's recommendation and the sentencing guidelines. In addition to arguing that the sentence was the result of a closed mind, judicial vindictiveness, or bias on the part of the judge, Miller contends that the judge was required, and failed, to (1) consider Miller's character and the nature of his probation violations and (2) give a sufficient explanation for imposing a penalty more severe than the penalty recommended by the State or the guidelines.

(3) Because Miller's sentence is within the statutory limits and because Miller fails to point to any evidence of a closed mindedness, judicial vindictiveness, or bias on the part of the judge, we have concluded that the judgment of the Superior Court should be affirmed. It was within the Superior Court's discretion to impose a sentence within the statutory limits, and the court gave legitimate reasons for imposing a harsher sentence than the sentence recommended by the State or the guidelines.

(4) On March 5, 2013, Miller pleaded guilty to Robbery in the Second Degree, Burglary in the Second Degree, Theft over $1,500, and Conspiracy in the Second Degree. He was sentenced to five years at Level V, suspended after two years for two years at Level III on the robbery conviction. For the burglary

conviction, he was sentenced to eight years at Level V, suspended after one year for two years at Level III. For the theft conviction, he was sentenced to two years at Level V, suspended for twelve months at Level III. And for the conspiracy conviction, he was sentenced to two years at Level V, suspended for twelve months at Level III.

(5) On October 14, 2014, the Superior Court reviewed Miller's sentence, and he was released from Level V and began serving a period of Level III probation. Following his release, Miller violated his probation four times and failed to appear in the Superior Court on several occasions. On January 6, 2015, the Superior Court sentenced Miller for his first violation of probation to six months of unsuspended Level V time followed by probation. On April 26, 2016, the court sentenced Miller for his second violation of probation to a probationary term without any unsuspended Level V time. As for the other violations, Miller failed to appear at violation of probation hearings scheduled for September 2016, November 2016, January 2017, April 2017, August 2017, and February 2018.

(6) On March 6, 2018, at the violation of probation hearing that led to this appeal, Miller admitted and the Superior Court found that he violated his probation by absconding from probation and failing to report for appointments at the Treatment Access Center. At the hearing, the court heard from the State, Miller's counsel, and Miller himself. Miller's probation officer recommended that Miller be

3

sentenced to a total of one year at Level V and that he then be discharged from probation as unimproved. Miller presented mitigating circumstances for the court to consider. He explained that during the period of time when some of the probation violations occurred, he was grieving the loss of his three-month-old daughter, who had passed away in September 2016, and that he had not received any counseling to deal with this. Miller also noted that more recently, he had been working at a mushroom factory and was living with his grandparents, for whom he helped provide care. He asked the court to take into consideration the technical nature of his violations, the time he served for the underlying crimes, his drug addiction, which was compounded by the loss of his child, his employment status, and his family support and to consider a sentence of six months at Level V.

(7) Following Miller's remarks, the court made comments and asked Miller some questions. The court noted that Miller did not appear to take probation or sentencing seriously and asked for an explanation as to why "[e]very time bail is posted for him, he does not come back like he's supposed to do."[1] The court further commented on his family's ability to post bail for him in the past and noted that, when this happened, he did not come back to court as required. The court stated to Miller, "apparently, you disregard the Court and everything that the Court has to say

---

[1] App. to Appellant's Opening Br. at A078.

to you[,] and your family is not able to control you."[2]  The court also noted that Miller appeared to be attempting to "manipulate the Court."[3]

(8)  The court then sentenced Miller as follows.  As to his robbery conviction, he was sentenced to three years at Level V; as to his burglary conviction, six years at Level V, suspended after three years for one year of Level IV home confinement, suspended after six months for six months at Level III; as to his theft conviction, two years at level V, suspended after one year for one year of Level IV home confinement, suspended after six months for six months at Level III; and as to his conspiracy conviction, two years at Level V, suspended after one year for one year of Level IV home confinement, suspended after six months for six months at Level III.  All sentences of confinement were set to run consecutively, thus resulting in a total of eight years of unsuspended Level V confinement.

(9)  On March 19, 2018, Miller filed a motion for sentence reduction in which he challenged the length of the sentence.  Noting its "considerable discretion over the appropriate grounds for a reduction of sentence" and Miller's criminal history, the Superior Court denied Miller's motion.[4]  In denying his motion, the court explained that "his record reflects an inability or unwillingness to follow the

---

[2] *Id.* at A080.
[3] *Id.*
[4] Appellant's Opening Br. Ex. C, at 4 (quoting *State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002) (en banc)).

rules of probation" and that "it does not appear as though his family network is able to get [him] to abide by the rules of probation or appear on Court dates."[5]

(10)  Appellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is (1) based on factual predicates that are false, impermissible, or lack minimal reliability or (2) the result of a closed mind or judicial vindictiveness or bias.[6]  "When the sentence is within the statutory limits, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind."[7]  Put differently, "a defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines established by the Sentencing Accountability Commission."[8]

(11)  Miller first argues that the sentence he received was the result of a closed mind.  "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant."[9]  Apart from pointing out that the sentencing judge imposed a sentence that was much longer than the one recommended by the State or

---

[5] *Id.*
[6] *Cruz v. State*, 990 A.2d 409, 416 (Del. 2010) (en banc).
[7] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[8] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[9] *Weston*, 832 A.2d at 746.

called for under the guidelines and that the judge did not discuss on the record his claimed mitigating factors, Miller fails to point to anything indicating that the judge had a closed mind. Unlike in *Osburn v. State*, for example, where the sentencing judge expressly refused to hear mitigating evidence,[10] the sentencing judge here listened to the statements of Miller and his counsel. To the extent Miller's argument is that the Superior Court failed to sufficiently articulate its reasons for departing from the guidelines, it necessarily fails. Because the guidelines provide "no basis for appeal," the sentencing court's failure to articulate its reasons for imposing a sentence in excess of the guidelines cannot amount to reversible error.[11]

(12) Miller next argues that his sentence was the result of judicial vindictiveness or bias. He cites *Tramill v. State*, where this Court reversed increased sentences following a retrial after a successful appeal from the original trial because the sentencing court failed to specifically state the reasons for the increases.[12] The holding of *Tramill* is inapplicable here. That case involved the distinct context of an increased sentence of someone convicted on retrial after a successful appellate attack on his original conviction.[13] In that situation, United States Supreme Court precedent imposes a presumption of vindictiveness.[14]

---

[10] 224 A.2d 52, 53 (Del. 1966).
[11] *Mayes*, 604 A.2d at 846 (quoting *Gaines v. State*, 571 A.2d 765, 767 (Del. 1990)).
[12] 425 A.2d 142, 145-46 (Del. 1980).
[13] *Id.* at 145.
[14] *E.g.*, *North Carolina v. Pearce*, 395 U.S. 711, 725-26 (1969), *overruled on other grounds by*

Because Miller's sentence was not imposed in that context, there is no presumption of vindictiveness. Therefore, the strict requirements of *Tramill*—that the judge's reasons for imposing a more severe sentence affirmatively appear in the record and be based on conduct occurring after the imposition of the original sentence[15]—do not apply. Moreover, in this case the Superior Court did state the reasons for its sentence: Miller's apparent disregard for the court's authority and his inability to comply with the requirements of his probation.[16] These reasons were based on Miller's conduct occurring after the imposition of his original sentence. Other than *Tramill*, Miller cites to no case supporting his argument that the sentencing judge acted vindictively or with bias.

(13) In his Reply Brief, Miller argues that the Superior Court was vindictive because the court inquired as to the "back-up" time for his robbery conviction. Asking how much unserved Level V time remained on the robbery conviction can hardly be considered evidence of judicial vindictiveness. The court likely asked this question to ensure that it would not (as it legally could not) exceed the remaining Level V time for that sentence.

---

*Alabama v. Smith*, 490 U.S. 794 (1989).

[15] 425 A.2d at 145.

[16] *See Cruz*, 990 A.2d at 417 ("[G]iven Cruz's history of violating probation, it was well within the Superior Court's discretion to revoke his probation and impose a prison sentence, notwithstanding the probation officer's recommendation to the contrary." (internal quotation marks omitted)).

8

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

/s/   James T. Vaughn, Jr.
Justice