IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MILLARD PRICE, | § | |
| | § | No. 366, 2020 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0804009949A (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 31, 2020
Decided: February 15, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

### O R D E R

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Millard Price, filed this appeal from the Superior Court's denial of a motion in which he sought vacatur or modification of his sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)     In 2014, Price pled guilty to second-degree murder and possession of a firearm during the commission of a felony ("PFDCF"). The Superior Court sentenced Price as follows:  for second-degree murder, to thirty years of

imprisonment, suspended after fifteen years and successful completion of the Greentree Program for decreasing levels of supervision; and for PFDCF, to ten years of imprisonment.

(3)     On August 27, 2020, Price filed a "Motion to Vacate or Alternatively Resentence," in which he claimed that he was entitled to relief from his sentence under Superior Court Criminal Rule 35(a). He made the following arguments that he also asserts on appeal:  (i) the sentence is illegal on its face because the Greentree Program no longer exists and Price therefore cannot complete that program; (ii) correctional officers assaulted him in retribution for a prison riot, violating his Eighth Amendment rights; and (iii) he was denied adequate medical care in violation of his Eighth Amendment rights. The Superior Court denied the motion on the grounds that prison conditions do not establish a basis for relief under Rule 35, and the Department of Correction ("DOC") could classify Price to a program it deems appropriate in light of the elimination of the Greentree Program. This appeal followed.

(4)     We review the denial of a motion for sentence modification for abuse of discretion.[1] Price argues that the assault and denial of adequate medical care violated his Eighth Amendment rights and therefore permit a collateral attack on his sentence. We conclude that Price is not entitled to the relief that he seeks. *Cannon*

---

[1] *Gladden v. State*, 2020 WL 773290 (Del. Feb. 17, 2020).

2

*v. State*, on which Price relies, held that the Superior Court was required to consider evidence, which the defendant sought to introduce, that imposition of a sentence that included a statutorily-permitted penalty of whipping "might well have a far-reaching and unwarranted adverse effect upon him" because of his individual mental condition.[2]  In this case, in contrast, Price does not challenge an inherent aspect of the sentence but rather seeks to challenge conditions and events that occurred in the prison while serving his sentence.  Those facts align more closely with the facts presented in the other Eighth Amendment decisions on which Price relies.[3]  But those cases involved civil litigation and not modification of a defendant's criminal sentence; those authorities therefore do not support the relief Price seeks.[4]

(5)     Superior Court Criminal Rule 35(b) provides that the court will consider a motion made more than ninety days after the imposition of a sentence only in "extraordinary circumstances or pursuant to 11 *Del. C.* § 4217."[5]  Section 4217 permits the Superior Court to modify a defendant's sentence if DOC files an application for good cause shown—including a defendant's serious medical illness or infirmity—and certifies that the defendant does not constitute a substantial risk to

---

[2] 196 A.2d 399, 400 (Del. 1963).
[3] *See* Opening Brief at 16-18.
[4] *See Woods v. State*, 2021 WL 3040007 (Del. Jan. 28, 2021) (stating that Eighth Amendment case law cited by appellant did not support desired relief of sentence modification).
[5] Del. Super. Ct. R. 35(b).

the community or himself.[6]   If Price's "specific individual medical condition warrant[s] sentence modification, an application by DOC under § 4217 is the proper vehicle to deliver such relief."[7]

(6)   With respect to Price's contention that his sentence is illegal because it requires him to complete the Greentree Program, which no longer exists, the State argues that the Superior Court correctly determined that DOC has discretion to place Price in a different drug treatment program.  But it concedes that, in circumstances such as these, DOC would normally request that the sentence order be modified to reflect that it has discretion to designate a different program.  The State therefore suggests that the case be remanded to the Superior Court to allow the court to modify the sentence order to reflect that DOC has discretion to approve an appropriate drug treatment program for Price.  We agree that remand for that limited purpose is appropriate and in the interest of judicial economy.

---

[6] 11 *Del. C.* § 4217.

[7] *Williams v. State*, 2020 WL 7311325, at *1 (Del. Dec. 10, 2020).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The matter is REMANDED to allow the Superior Court to modify the sentence order as set forth in this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice