**Robert Charles ARMBRUSTER, Jr., Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 12, 1978.

Decided Nov. 30, 1978.

David R. Hodas of Potter & Carmine, P.A., Wilmington, for defendant-appellant.

Eugene M. Hall, Deputy Atty. Gen., Wilmington, for plaintiff-appellee.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

DUFFY, Justice:

The only issue raised in this appeal is whether a lawful sentence was imposed by the Superior Court.

Defendant pleaded guilty to a charge of assault in the first degree in violation of 11 *Del.C.* § 613.* The victim was a twenty-four-year-old female State Police Officer who was detaining defendant, see 11 *Del.C.* § 1902, after her suspicions were aroused by his movements, at night, behind a gasoline service station. The Officer was brutally beaten—pistol-whipped, according to her

---

* 11 *Del.C.* § 613 provides:

"A person is guilty of assault in the first degree when:

(1) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(2) He intentionally disfigures another person seriously and permanently, or intentionally destroys, amputates, or disables permanently a member or organ of another person's body; or

(3) He recklessly engages in conduct which creates a substantial risk of death to another person, and thereby causes serious physical injury to another person; or

(4) In the course of or in furtherance of the commission or attempted commission of a felony or immediate flight therefrom, he intentionally or recklessly causes serious physical injury to another person; or

(5) He intentionally causes serious physical injury to a law-enforcement officer who is acting in the lawful performance of his duty.

Assault in the first degree is a class B felony."

statement—and extricated herself only after shooting defendant with her service revolver. Defendant was seventeen years old at the time of the offense; he had no prior criminal record. While his personal history was generally good, he had been in school fights and the psychiatric report noted that his behavior pattern included "gross outbursts of . . . physical aggressiveness."

The twenty-five-year sentence imposed by the Trial Judge certainly approaches the outer limits of sentencing discretion, even when one considers that the statutory maximum sentence is thirty years. However, after a review of the presentence report, read in the light of the decisional law, we are unable to say that the sentence was unlawful or that, as a matter of law, the Superior Court abused its discretion. The sentencing Judge's reference to the victim does not establish abuse nor was it otherwise an impermissible consideration. Defendant's conduct which led to his arrest and the consequences of his assault on the victim are all part of the "circumstances of the offense." See 11 *Del.C.* § 4331(b). *Kreisher v. State*, Del. Supr., 319 A.2d 31 (1974); *Seeney v. State*, Del.Supr., 211 A.2d 908 (1965); *Hinckle v. State*, Del.Supr., 189 A.2d 432 (1963); *Short v. State*, Del.Supr., 181 A.2d 225 (1962).

Affirmed.