STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-06-04
GAL YOR 3/29/2007

CYNTHIA MOLLEUR,

Plaintiff

v.

ORDER

DAIRYLAND INSURANCE COMPANY,

Defendant

This matter comes before the Court on Plaintiff's motion for partial summary judgment and Defendant Dairyland's motion for summary judgment pursuant to M.R. Civ. P. 56(c). The Plaintiff's Motion is Denied; the Defendant's Motion is Granted.

## BACKGROUND

Plaintiff Cynthia Molleur ("Molleur") is a resident of Lyman, Maine. Defendant Dairyland Insurance Company ("Dairyland") is a corporation principally based in Virginia, but licensed to do business in Maine. This case focuses on a narrow issue concerning Dairyland's liability under its underinsured motorist ("UIM") coverage.

In July 1999, Molleur was a passenger on a motorcycle operated by her then-husband, Barry Hough ("Hough"), on Interstate 80 in Pennsylvania. Patricia Farley ("Farley") was also traveling on Interstate 80 that day when her vehicle struck a deer and stopped in the highway. Another vehicle also stopped near Farley's car. Soon afterward, Hough's motorcycle approached the two vehicles, swerved to avoid them, and then flipped, severely injuring Molleur. She fractured her right arm and injured the radial nerve in that arm, among other injuries.

Molleur filed suit in Pennsylvania and recovered $98,000. She received the maximum amount available under Farley's policy, $15,000. She also received $3,000 from the other driver, and $80,000 from Dairyland for her claim against Hough. In January 2006, Molleur filed this action against Dairyland seeking coverage under the underinsured/ uninsured motorist portion of Hough's policy. That portion of Hough's policy provides as follows: "The amount of damages payable under this insurance will be reduced by the amount paid by or on behalf of anyone responsible for your injury. *This includes any amount paid under the liability insurance of this policy. . . .*"[1]

Molleur now seeks partial summary judgment on Dairyland's affirmative defense[2] that it is entitled to offset any liability it may face under the UIM coverage with amounts already paid to Molleur.[3] Dairyland seeks summary judgment, contending that because it compensated her under the liability coverage in an amount that exceeded the UIM coverage, Molleur cannot recover additional compensation under the UIM coverage.

**DISCUSSION**

1. <u>Summary Judgment Standard.</u>

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A

---

[1]     Dairyland motorcycle insurance policy, p. 12 (emphasis added).

[2]     Dairyland has agreed not to pursue the statute of limitations affirmative defense that it initially raised.

[3]     The per-person UIM limit is $50,000; therefore, subtracting the $15,000 from Farley, the parties agree that the maximum amount Molleur would be entitled to receive under the policy is $35,000.

material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

> 2. <u>Does Dairyland Face Liability Under Both Its UIM and Liability Coverages, and If So, Is It Entitled to Offset Payments That It Made Under The Liability Portion of Its Policy?</u>

This case addresses whether recovery under both a policy's UIM and its liability coverage is permitted and, if so, whether the insurer may offset a payment made under its liability coverage against whatever it might also owe under the UIM coverage provisions of the same insurance policy. Molleur relies on two cases in which the Law Court discussed the public policy concerns surrounding reduction clauses in insurance policies.

In a 1979 case, the Law Court held that a setoff clause was void on public policy grounds. *Wescott v. Allstate*, 396 A.2d 156, 160 (Me. 1979). There, the plaintiff was a passenger in a car that had collided with an uninsured motorist's vehicle. *Id.* After settling with the insurer for the driver of the vehicle in which she was riding, she attempted to recover under her own policy's uninsured motorist coverage, but was denied. *Id.* at 161. The Law Court held that the clause violated public policy because injured persons should be allowed to proceed against their own insurers when other settlements have not fully compensated them for their damages. *Id.* at 169-170. It noted that its decision was consistent with the legislative intent behind the statute requiring companies to issue UIM coverage, 24-A M.R.S.A. § 2902(1). *Id.* at 170.

In another case, the Court considered the narrower issue of whether an insurer "may reduce its obligation" to its insured "by the amount of the settlement" the insured

3

obtained from "an insured joint tortfeasor." *Tibbetts v. Me. Bonding & Casualty Co.*, 618 A.2d 731, 732 (Me. 1992). There, the plaintiffs were involved in a collision with two other cars. *Id.* After settling with one driver for his policy limits, the plaintiffs claimed that the other driver was underinsured and elected to seek recovery from their own policy's underinsured motorist coverage. *Id.* Their company argued that it did not have to pay anything because the second driver was not underinsured, but even if it did have to pay, it was allowed to subtract the amount of the settlement. *Id.* First, the Court noted that under statutory and common law, it determines whether a driver was underinsured by deducting the amount of his or her liability coverage from the plaintiff's UIM coverage limit. *Id.* at 733. In *Tibbetts*, the driver was found to be underinsured, and the Court held that the plaintiffs' insurer could not offset the settlement amount because the UIM law is intended to allow for full recovery regardless of the level of a tortfeasor's coverage. *Id.* at 733-734.

Dairyland, however, relies upon the Law Court's analysis in *Bourque v. Dairyland Ins. Co.* to support a setoff in this particular situation. 1998 ME 178, 741 A.2d 50. In *Bourque*, the plaintiff was a passenger in a car involved in a collision that killed the driver and seriously injured him. *Id.* ¶ 2, 741 A.2d at 51. He settled with the decedent's insurer for the liability limit per person but reserved his right to pursue UIM claims. *Id.* A unique issue confronting the Law Court was the validity of the decedent's policy's provision barring recovery under both its UIM and liability coverage; the policy specifically stated that a car insured by the company was not an uninsured car. *Id.* ¶ 11, 741 A.2d at 53-54. In accordance with its stance in a prior case, the Court held that the plaintiff could not recover under both the liability and UIM coverage afforded by the same insurance policy. *Id.* ¶ 12, 741 A.2d at 54.

4

The public policy import of protecting accident victims through UIM coverage is undisputed. The parties do not dispute that Molleur should be able to recover under the liability provisions of her former husband's policy. Indeed, Dairyland has already paid Molleur the limits of Hough's per-person collision coverage, less the amount of the settlement with Farley. The question presented is whether Molleur should be able to augment her recovery by pursuing Dairyland twice under different provisions of the same insurance policy. *Tibbetts* clearly is distinguishable from this situation because it involved two different policies, whereas *Bourque* involved an attempted recovery under separate provisions of the same policy. This case is virtually identical to *Bourque*, as Molleur seeks to recover under Dairyland's UIM plan when she has already recovered under the liability coverage in an amount that would exceed available UIM funds. As a matter of law, she cannot also recover under Hough's UIM coverage.[4]

The entry will be as follows:

Defendant's Motion for Summary Judgment is Granted. Judgment for the Defendant.

Dated:      March 29, 2007

G. Arthur Brennan
Justice, Superior Court

Stephen C. Whiting, Esq. - PL
Martica S. Douglas, Esq. - DEF
Christine Kennedy-Jensen, Esq. - DEF

---

[4] Given this result, this Court need not address Dairyland's argument that Molleur cannot recover UIM benefits because she did not exhaust her remedies with other tortfeasors.